## BROUGHTON v. McINTOSH.

1. If judgment is obtained for a debt of which a part has been paid, but the payment is not interposed as a defence, the part so paid cannot afterwards be recovered by suit, although the judgment is satisfied.
2. A payment is merely the extinguishment of the debt, and is not in the nature of a set-off; which may be used or omitted as a defence at the pleasure of the defendant.

Writ of error to the Circuit Court of Wilcox County.

APPEAL from a Justice of the Peace. In the Circuit Court, McIntosh declared against Broughton on the money counts, to which the latter pleaded *non assumpsit*. At the trial it appeared that McIntosh had paid Broughton twenty dollars, in part payment for building a mill. After this payment, Broughton sued McIntosh for work and labor in building the mill, and recovered judgment for one hundred and fifty dollars. McIntosh failed or omitted to introduce any evidence of the payment made by him, and did not interpose it as a defence to Broughton's action. McIntosh paid the judgment, and the object of this suit was to recover the twenty dollars, previously paid. The Circuit Court instructed the jury if they were satisfied the sum paid was not attempted to be set-off in the former suit, then this action could be maintained.

Broughton excepted and assigns for error, that the Circuit Court erred in giving this charge to the jury.

PROCTOR, for the plaintiff in error—cited Marriot v. Hampton, (7 Term. 296:) De Sylva v. Henry, (3 Porter 321.)

GOLDTHWAITE, J.—The charge of the Circuit Court seems to have been predicated on the supposition, that the payment created a right of action, which could be enforced as a set-off against the demand of the party to whom the payment was

made.     There is no question but it would be a good defence in whole or in part, to the action; but the defence would bear no resemblance to a set-off, which may be used, or omitted at the pleasure of the defendant.     The payment was an extinguishment *pro tanto* of the debt, and should have been used as a defence to Broughton's action.     If then omitted, it was the fault of the defendant, and he cannot, in accordance with the rules of law, be now permitted to maintain this action, as it would open the investigation which was or should have been closed in the previous suit.     The cases cited by the counsel of the plaintiff in error, are precisely similar, and completely decisive of the question now raised.

Let the judgment be reversed and the cause remanded.