## MITCHELL v. SANFORD.

1. If the maker of a note makes a partial payment thereon to the payee, which the latter agrees to indorse on the note, but instead of doing so, brings suit and recovers judgment for the full amount of the note, which is satisfied, the maker cannot maintain an action for the partial payment, but should have availed himself of it as a defence *pro tanto* to the suit of the payee against him.

Writ of Error to the Circuit Court of Jefferson.

THE plaintiff in error declared against the defendant for money had and received, to which the defendant pleaded "non assumpsit;" thereupon the cause was submitted to a jury, who returned a verdict for the defendant, and judgment was rendered accordingly. From a bill of exceptions sealed at the plaintiff's instance, it appears that the plaintiff was indebted to the defendant previous to the commencement of this suit, between one and two hundred dollars by promissory note, and handed to the defendant seventy-five dollars, which he intended should be applied in part payment thereof. The note not being then present, the defendant promised to enter the sum handed him, as a credit thereon; but this he neglected to do, brought an action on the note, and recovered a judgment for the full amount expressed upon its face. This judgment was satisfied by the plaintiff, and this

suit then brought to recover the seventy-five dollars which the defendant had neglected to indorse on the note. The court charged the jury that the plaintiff was not entitled to recover in this action.

E. W. Peck, for the plaintiff in error, insisted that this case was unlike the cases in 3 Porter's Rep. 132, and 1 Ala. Rep. N. S. 103. In both those cases there was an actual contestation, here there was none. In both these cases, the payment was perfect, here the money was handed to the defendant (the note being absent,) which the plaintiff here intended should be applied as a payment, and which the defendant here promised to enter on the note, but did not do so. Here was an act to be done before it could operate as an extinguishment, &c., to wit, crediting it upon the note. Until this was done, it was money in the hands of Sanford, for the use of Mitchell, and as it never was credited upon the note it may well be recovered in this action.

Again, the judge erred in his charge, it took from the jury the power of deliberation; in other words, the court usurped the powers of the jury.

W. S. Mudd, for the defendant in error, contended, that De Sylva v. Henry, 3 Porter's Rep. 132, and Broughton v. McIntosh, 1 Ala. Rep. N. S. 103, were in principle similar to the present case, and are conclusive against the plaintiff's right to recover. The seventy-five dollars he handed to the defendant was, according to the evidence, a payment on the note, and when sued, he should have resisted a recovery to that amount.

COLLIER, C. J.—The case of De Sylva v. Henry, 3 Por. Rep. 132, we think is not distinguishable from the present. There the plaintiff paid to the defendant the sum of money, which was intended to be applied, as a partial payment of a note, which the latter had against him, but which was never thus applied; afterwards, the defendant sued the plaintiff on the note, and recovered a judgment for the full amount.

Mitchell v. Sanford.

The court said, that as to the sum paid on the note, it was clear that the plaintiff could not recover it back—"he should have made this a part of the defence when sued on the note." In Broughton v. McIntosh, 1 Ala. Rep. 103, it is decided, that if judgment is obtained for a debt of which a part has been paid, but the payment is not interposed as a defence, the part so paid cannot afterwards be recovered by suit, although the judgment is satisfied; that the payment is the extinguishment of the debt *pro tanto*, and should have been used as a defence to the action. In both cases it was said, that a payment bears no resemblance to a set off, and that the defendant cannot recover, it in a subsequent action, though he fails to plead or otherwise avail himself of it as a defence. It does not appear that it was attempted in these cases, any more than in the present, to set up the payments either by way of plea or evidence, and a contestation upon other points, if this were so, would make no material difference as to the rule of decision that should be applied.

As soon as seventy-five dollars were handed by the plaintiff to the defendant, to be credited on the note, it was a payment *pro tanto*, and the note was thus far extinguished. The entry of a credit was not essential to consummate the payment, but could only have been required, in order that convenient and accessible proof of the fact might be furnished.

The charge is unobjectionable, if, conceding the truth of all the evidence, and the inference fairly deducible from it, the plaintiff is not entitled to recover. That he was not entitled to a verdict will sufficiently appear from what we have said. The judgment is consequently affirmed.