# Hinds *v.* Wiles.

### *Assumpsit.*

(April 15th, 1915. 68 South. 556.)

1. *Payment; Voluntary; Recovery.*—Money voluntarily paid under claim of·right and with knowledge of the facts on the part of the person making such payment cannot be recovered back on the grounds that the claim was invalid and unenforceable.

2. *Same; Mistake of Fact.*—Money voluntarily paid under a mistake by the payer as to a fact effecting his liability may be recovered.

3. *Same; Act of Payee.*—It is not necessary to the recovery of money, voluntarily paid under a mistake of fact that the mistake should have been caused by the wrongful act of the payee.

4. *Same; Means of Knowledge.*—The fact that one who paid money under a mistake of fact had means of ascertaining the real facts, does not amount to an actual knowledge of such facts.

5. *Same; Demand.*—A demand is not a prerequisite to an action to recover money voluntarily paid under a mistake of fact. A payment made in full settlement of a claim under a mistake of fact may be recovered, notwithstanding it was not paid until suit had been instituted therefor.

7. *Same; Compromise.*—Money paid in compromise of a pending suit cannot be recovered in the absence of fraud, although the payer was mistaken as to a fact material to his liability, if that mistake was not mutual.

8. *Judgment; Collateral Attack; Recovery of Payment.*—Money paid in settlement of a judgment cannot be recovered because of a mistake as to the payer's liability, until the judgment has been set aside by direct attack.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by W. S. Wiles against A. M. Hines to recover a payment voluntarily made. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN A. LUSK & SON, for appellant. Under the facts in this case, the plaintiff was not entitled to recover.—*Wyatt v. Evans,* 52 Ala. 285; *Allen v. Prater,*

[Hinds v. Wiles.]

30 Ala. 458; *Burleson v. May,* 66 South. 36; *Crawford v. Engram,* 157 Ala. 351; 108 Ga. 365; 87 S. E. 33; 112 Mass. 438 p. on contracts 421; Ogden on Commercial Paper; 2 Page on Contract, §§ 797 and 805. A compromise of a civil suit is a valid consideration, will be upheld, and is conclusive.—*Perryman v. Allen,* 50 Ala. 573; *Prince v. Prince,* 67 Ala. 565; *Earnest v. Hollis,* 86 Ala. 516; 2 Mayfield 15.

STREET & ISBELL, for appellee. It is undoubted law that money paid under a bona fide mistake of fact may be recovered regardless of the good faith of the payee.— 30 Cyc. pp. 1316-1322; *Young v. Lehman,* 163 Ala. 519; *Pendry v. Brundidge,* 57 Ala. 574; *Rutherford v. McIvor,* 21 Ala. 750; *Russell v. Richard,* 6 Ala. App. 79; *Hunt v. Mathews,* 132 Ala. 291; *Merrill v. Brantley,* 133 Ala. 537. The surrender of a mere claim when the claim is unfounded in fact will not uphold a compromise agreement, and anything paid under it in ignorance of a material fact can be recovered.—*Thompson v. Hudgins,* 116 Ala. 93; *Russell v. Conight,* 98 Ala. 652; *Prince v. Prince,* 67 Ala. 565. A previous demand in such a case is not necessary.—*Rutherford v. McIvor,* 21 Ala. 750; *Nelson v. Shelby Co.,* 96 Ala. 529.

THOMAS, J.—It is a well-settled general rule that money which has been voluntarily paid under a claim of right, and with knowledge of the facts on the part of the person making the payment or affected by it cannot be recovered back on the ground that the asserted claim was invalid or unenforceable, but may be recovered back when the payment, even though voluntary, was made under a mistake on the part of the payer as to a fact affecting his liability.

And it is not necessary to the recovery that such mistake should have been caused by any wrongful act on

the part of the payee; nor is the fact that the payer had the means of ascertaining the real facts at the time of the payment tantamount to actual knowledge of them; nor is a demand for the return of the money essential to the maintenance of the suit.—*Rutherford v. McIvor*, 21 Ala. 750; 22 Am. & Eng. Ency. Law (2d Ed.) 609, 621, et seq.

Nor does the fact that the party so laboring under the mistake made the payment only after he had been sued prevent his recovering it back, provided it was made before the suit had proceeded to final judgment, and was made in full settlement, rather than in compromise, of the demand sued for.

In the event the suit had proceeded to final judgment before the payment, then the judgment would be conclusive evidence of the party's liability for the amount thereof, until set aside or reversed by direct proceeding, and such liability could not, before such a reversal or setting aside of the judgment, be brought into question in a collateral action of assumpsit for money paid by mistake.—*Broughton v. McIntosh*, 1 Ala. 103; *Duquy v. Roebuck*, 7 Ala. 484; 22 Am. & Eng. Ency. Law (2d Ed.) 6633, 635, and cases cited note 5.

In the event the money was paid in compromise of such pending suit, that is, a less amount was paid in accord and satisfaction of a greater demand—then, in the absence of fraud inducing the payment. it could not be recovered back, although the party paying it labored under a mistake of some fact material to his liability, unless it also be shown that such mistake as to the facts was mutual.—1 Am. & nEg. Ency. Law (2d Ed.) 428, 429; *Prince v. Prince*, 67 Ala. 569; *Billingslea v. Ware*, 32 Ala. 415; *Crawford v. Engram*, 157 Ala. 314, 47 South. 712.

Here the proof tends to show that the amount paid the defendant, which the plaintiff is in this action seek-

ing to recover back, was paid under a mistake of a material fact on the part of plaintiff, and that, though it was paid after suit had been brought therefor against plaintiff by defendant, it was paid before such suit ever proceeded to judgment, and that the whole of the demand was paid, instead of a part in compromise of the whole.

What we have said is sufficient without further discussion to dispose of, adversely to appellant, every question insisted upon in his brief, and to indicate the reasons of our conclusion that there was no error in the rulings of the trial court, and that the judgment should be affirmed.

Affirmed.