(90 South. 347)

**BEASLEY v. BEASLEY. (4 Div. 942.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Evidence 441(5)—Contemporaneous parol agreement inadmissible to vary writing.**

Where mortgage was unambiguous, court did not err in rejecting evidence offered by the mortgagor of a contemporaneous parol agreement, made at the time the mortgage was executed, and not carried therein, that it was to draw interest from the date of its execution, and not from date of maturity as therein written.

**2. Payment 85(4)—When overpayment may be recovered.**

In order to prevent a party to a contract from recovering from overpayment of moneys, he must have overpaid with full knowledge of all the material facts, and an overpayment of interest by mistake of fact on a note can be recovered, though maker had means of knowing the facts.

**3. Payment 85(4)—Overpayment of interest on mortgage held not recoverable; "mistake of fact."**

Where mortgagor knew that mortgage was written for $1,000 due January 1, 1919, but erroneously supposed that its proper construction imposed upon him the payment of interest from date of execution, and by reason of this construction made an overpayment of interest, he is not entitled to recover the overpayment, since it was made under mistake of law, and not by reason of mistake of fact, a mistake of fact existing when some existing fact is unknown or a supposed fact does not exist, such as the terms of the instrument and calculation of interest made thereon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mistake of Fact.]

**4. Payment 89(5)—Burden of proof on defendant to establish counterclaim for overpayment by mistake.**

In an action by mortgagee to recover certain expenses and interest claimed to be due on a mortgage, the burden of proof was on defendant under a plea of recoupment to establish a counterclaim based on an alleged overpayment of interest by mistake of fact.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Assumpsit by C. O. Beasley against J. R. Beasley. Judgment for the defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

J. R. Beasley purchased from C. O. Beasley a farm for which he agreed to pay $2,000, $1,000 to be paid in cash, and $1,000 to be paid January, 1919. The cash payment was made, and payments aggregating $1,100 were made at various times, but all before the due date of the mortgage. In the meantime C. O. Beasley sold J. R. Beasley

fruit trees amounting to $18.75, and also charged the recording fee of $3. Being unable to reach an adjustment, C. O. Beasley sued J. R. Beasley for the above amount together with an amount claimed to be due as interest on a mortgage. The defendant set up payment of the debt and a set-off of $100 composed of overpayment on the mortgage debt and other items of charge against plaintiff. The plaintiff complains that error occurred when the court refused to allow him to testify to a contemporaneous parol agreement made at the time the note and mortgage was executed, that appellee was to pay interest from the time the note was made, instead of from the due date of the transaction, and complains also that the court would treat the payment as voluntary, but submitted the latter question to the jury for their determination.

A. R. Powell, of Andalusia, for appellant.

The burden was on appellee to prove mistake of fact or fraud, before he was entitled to recover back the overpayment on the mortgage. 11 Ala. App. 427, 66 South. 827; 178 Ala. 254, 59 South. 450; 12 Ala. App. 596, 68 South. 556; 15 Ala. App. 230, 73 South. 120. The appellant should have been allowed to show the agreement as to payment of interest. 133 Ala. 537, 31 South. 847; 109 Ala. 651, 19 South. 730; 30 Cyc. 1301.

J. Morgan Prestwood, of Andalusia, for appellee.

The note and mortgage spoke for themselves, and could not be varied or changed by parol evidence. 189 Ala. 503, 66 South. 699; 80 Ala. 291; 91 Ala. 375, 8 South. 290; 150 Ala. 506, 43 South. 786; 71 Ala. 122. If there was a mistake of fact with respect to the overpayment, appellee was entitled to recover it, and under the evidence a jury question was presented. 133 Ala. 538, 31 South. 847; 21 Ala. 750; 132 Ala. 392, 31 South. 587; 26 Ala. 413.

THOMAS, J. [1] It is established that a contemporaneous parol agreement is not admissible in evidence to show the intention of the parties was other than that clearly expressed in the writing signed by them and evidencing their agreement. Formby v. Williams, 203 Ala. 14, 19, 81 South. 682, and authorities there collected; Planters' Chem. & Oil Co. v. Stearnes, 189 Ala. 503, 66 South. 699; Morris v. Robbinson, 80 Ala. 291. The paper writing in question is unambiguous, and no error was committed in rejecting evidence of the contemporaneous parol agreement made at the time the mortgage was executed, and not carried therein, that it was to draw interest from the date of its execution, and not from the date of maturity as therein written. The mortgage and note,

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contrary to the parol agreement, speak for themselves and may not be varied by parol.

[2, 3] In order to prevent a party to a contract from recovering for overpayment of moneys, he must have overpaid with full knowledge of all the material facts. Merrill v. Brantley, 133 Ala. 537, 538, 31 South. 847; Rutherford v. McIvor, 21 Ala. 750, 756; 30 Cyc. 1300. In Merrill v. Brantley, Mr. Justice Sharpe said:

"To disentitle a party, on such ground, to recover [money paid without consideration], it must appear that he had actual knowledge of the attendant facts which were calculated to influence the making or withholding of the payment."

See Hinds v. Wiles, 12 Ala. App. 596, 68 South. 556; Rutherford v. McIvor, supra; Youngblood v. Youngblood, 54 Ala. 486; Young v. Lehman, Durr & Co., 63 Ala. 519.

The general text of 30 Cyc. 1319, 1320, supports the proposition that an overpayment of interest by mistake can be recovered. The fact that a person, when making a payment, had the means of knowing the facts, does not of itself ordinarily preclude him from recovering the money, if he did not have actual knowledge that the sum paid was an overpayment. Merrill v. Brantley, supra; Rutherford v. McIvor, supra; Russell v. Richard, 6 Ala. App. 73;[1] Hinds v. Wiles, supra; Wilson v. Sergeant, 12 Ala. 778; 30 Cyc. 1320. where the authorities of American and English courts are collected. The recovery is rested on the fact that one has money which ex æquo et bono belongs to another. Jasper Co. v. K. C., M. & B. R. R. Co., 99 Ala. 416, 14 South. 546, 42 Am. St. Rep. 75; Christie v. Dyer, 205 Ala. 572, 88 South. 668; Christie v. Durden, 205 Ala. 571, 88 South. 667. If defendant knew that the paper was written as it was, for $1,000 due January 1, 1919, but supposed that its proper construction imposed upon him the payment of interest from date of execution, and by reason of this construction made the overpayment, he would not be permitted to recover the overpayment, since it was paid under a mistake of law, and not by reason of a mistake of fact. Young v. Lehman, Durr & Co., supra; Town Council of Cahaba v. Burnett, 34 Ala. 400. A mistake of fact may be said to exist when some existing fact is unknown or a supposed fact does not exist; and this would apply as to the terms of the instrument or calculations of interest made thereon.

[4] There was no motion for a new trial in the court below. The issue was fully and fairly submitted to the jury, and judgment was for plaintiff. The burden of proof was on defendant under his plea of recoupment (Lysle Mill. Co. v. Nor. Ala. Gro. Co., 201 Ala. 222, 77 South. 748) to establish his counterclaim by reason of overpayment of in-

terest by mistake of fact. Whether there was a mistake of fact was an issue for the jury (Tuscaloosa Co. v. Foster, 132 Ala. 392, 31 South. 587; Ewing v. Peck, 26 Ala. 413; 30 Cyc. 1325); and we find no reversible error after inspection of the whole record.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.