TOMASINA DAMICO, RESPONDENT, v. LOUISE MAYER, APPELLANT.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Stephen A. Damico* (*Ellis S. Gottlieb,* of counsel).

For the defendant-appellant, *Albert C. Abbott.*

PER CURIAM.

Plaintiff sued for the recovery of moneys usuriously paid to the defendant over and above the sum actually loaned on mortgage to the plaintiff plus lawful interest. The mortgage debt, including usury, had been paid in full, without protest, by the plaintiff to the defendant approximately two and one-half years before the institution of this action for the recovery. At the close of the trial the court directed a verdict for the plaintiff. Defendant appealed. Her reasons are, first, that the trial judge erred in refusing a request for a direction of a verdict in favor of the defendant, second, that the trial judge erred in granting a request for a direction of verdict in favor of the plaintiff, and, third, that the trial judge should have granted the request for a direction of a

verdict in favor of the defendant because the testimony clearly showed that the plaintiff had voluntarily paid an alleged usurious debt in full, thereby waiving her right, subsequently, to bring this action.

The third point is a variation of the first, and neither the first nor the third point is before us for the reason that no such motion appears by the record to have been made and no objection noted.

The respondent contends that appellant may not raise the second point because no exception was taken at the trial. The situation was that the attorney for the plaintiff moved for a direction of verdict in favor of his client. Attorney for the defendant argued vigorously against the granting of that motion. At the conclusion of the argument the court said: "Well, I am going to direct a verdict for the plaintiff, and you [viz., the attorney for the defendant] can take it up to the Supreme Court and make some law over it." We shall assume, without deciding, that the point is properly before us for consideration. The single matter presented by the appellant thereunder is that the court's ruling was in error for the reason that it was within the province of the borrower to waive her rights under the usury laws and that, having paid the entire debt, including usury, without objection, she thereby did forever waive her right of recovery. Appellant's brief assumes that the moneys were in fact usuriously paid and received. The decision by the Court of Errors and Appeals in *Weitz* v. *Quigley*, 88 *N. J. L.* 617, approving *Brown* v. *McIntosh*, 39 *Id.* 22, established the right of a borrower to maintain an action for the recovery of usurious payments upon the theory that money usuriously paid is had and received by the lender for the use of the borrower under an implied promise to repay it to him. The right of the borrower to maintain an action for the recovery of usurious payments is, therefore, established by the highest court of this state. That is a complete answer to appellant's argument.

Judgment below will be affirmed.