A. V. Hormuth, *et ux.,* v. W. M. Dickson.

156 So. 127.
Division B.
Opinion Filed July 17, 1934.

*T. H. Getzen,* for Appellants;

*W. M. Larkin,* for Appellee.

Buford, J.—In this case the record shows that the appellee was complainant in the court below foreclosing a mortgage given to secure payment of a negotiable promissory note in the sum of $200.00; that the note was dated August 3, 1931, and was due one year after date with interest after maturity at the rate of 10 per cent. per annum.

The defendants answered, pleading usury, alleging that the complainant at the time of the execution and delivery of the note delivered to the defendants only the sum of $150.00 and retained the sum of $50.00 as interest and bonus for the loan of $150.00 for one year. The evidence and the finding of the chancellor sustain the allegations of the answer.

The complainant not only filed his bill of complaint seeking to collect $200.00 plus interest thereon, with attorney's fees, but he also testified most positively that he actually delivered to the defendants $184.00 and retained $16.00 as interest for one year on the loan of $200.00,

thereby attempting to enforce the collection of the full amount of the note.

The chancellor in his decree states:

"In this case the defendants have interposed the defense of usury, but the court after having taken testimony and being fully advised in the premises, is convinced that the complainant has not 'knowingly and wilfully' 'charged or accepted' a greater rate of interest than is allowed by law, although the defendants received only $150.00 when the loan was made, this consideration was passed at the express instance and suggestion of the defendant, A. V. Hormuth."

We can find no basis in the record for the conclusion of the chancellor that the "complainant has not knowingly and willfully charged or accepted a greater rate of interest than is allowed by law," when he follows that statement with the statement that "Although the defendants received only $150.00 when the loan was made." The chancellor appears to have concluded that because the borrower, being in need of the funds, agreed with the lender that he would pay the bonus of $50.00 for the loan, that this fact absolved the lender from being guilty of willfully and knowingly committing the offense of usury and of knowingly and willingly charging and retaining more than $25.00 per annum of the amount loaned for making the loan. We cannot agree to this conclusion.

We think the transaction came clearly within the purview of Section 4855, R. G. S., 6942 C. G. L., and that the decree should be to require the complainant under the terms of that statute to forfeit the entire amount loaned with interest thereon. This is a harsh statute but it was enacted to deal with harsh people who are willing to take advantage of fellowmen's necessities and require him to pay unconscionable interest and bonuses for the use of money which in

many instances the borrower must have, regardless of the penalty which he may be required to pay to meet his necessities. The law of this State fixes the penalty in such matters and it is the duty of the courts to enforce the law as they find it.

In Benson v. First Trust & Savings Bank, 105 Fla. 135, 142 Sou. 887, we said:

"As $2,500.00 was taken or reserved as a bonus when the loan note was made for $14,000.00, instead of $11,500.00, the actual sum loaned, and as this amount so taken or reserved made the contract to pay $14,000.00 with 8 per cent. per annum interest thereon, usurious, the statute provides that the lender 'shall forfeit double the amount of the interest so reserved, taken or exacted.' The lender also was paid $85.00 of usurious interest, so double that amount is also forfeited to the borrower. This makes the lender forfeit to the borrower twice the amount reserved, *viz.* $2,500.00 or $5,000.00, and twice $85.00 interest collected, to be deducted from the $11,500.00 loaned, in addition to the interest on the amount loaned which is made usurious by the $2,500.00 bonus retained when the note for $14,000.00 instead of $11,500.00 was exacted. The decree, therefore, should be for $11,500.00 less $5,000.00 and less $170.00, which is $6,330, and a reasonable attorney fee having reference to the amount of the decree."

In this opinion we modified the holding in Benson v. First Trust & Savings Bank, 105 Fla. 135, 134 Sou. 493. There we held:

"Merely filing a bill of complaint to foreclose a mortgage, notwithstanding the fact that the filing of such bill is predicated on an acceleration clause therein contained which, if enforced, would result in the collection of more than 25 per cent. per annum upon the principal sum loaned, does not

constitute willfully and knowingly charging or accepting more than 25 per cent. interest so as to render the principal sum subject to forfeiture."

Later, on a second rehearing, the Court was equally divided and, therefore, the original opinion was adhered to. See Benson v. First Trust & Savings Bank, 105 Fla. 168 and 169.

In Wilson, et al., v. Conner, 106 Fla. 6, 142 Sou. 606, we said:

"The note signed was negotiable and because of this fact was more than a mere contract to pay the amounts represented by it. By the terms of the usury law, the negotiation of this note into the hands of an innocent holder for value without notice, would have irrevocably fixed the right of such holder to enforce its collection, even as against a plea that it was usurious as its inception, its usurious nature not being made to appear on its face.

"Therefore, inasmuch as there was included in the principal of such note the sum of $800.00 advance interest and $500.00 bonus for the loan of an actual sum of only $8,700.00 turned over to the borrower, the note being made in such form as to be negotiable by the lender and subject to transfer to an innocent holder against whom the defense of usury would be unavailing, the lender by whom it was exacted must be deemed to have 'reserved, taken or exacted, the advance interest of $1,300.00, included in the $10,000.00 nominal principal stated on its face.

"And by so including the principal sum of this negotiable note for $10,000.00, said sum of $1,300.00 interest on $8,700.00 actual principal received by the debtor, the lender must be deemed to have incurred as to this particular $1,300.00 unlawfully exacted interest, a forfeiture not only of its amount, but of double its amount, or in other words,

the lender must be deemed to have forfeited to the borower $2,600.00 in all. To include usurious interest in the principal of a negotiable promissory note is under circumstances such as this, to be deemed in law the taking, reserving and exaction of such interest in violation of Section 6939, C. G. L., *supra,* which subjects the offender to the double interest forfeiture provided in the statute when usurious interest is so taken, reserved or exacted."

Further, in that same opinion, we said:

"We hold, therefore, that any person willfully violating the usury law by means of any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the *actual principal sum received,* together with interest at the rate of ten per cent. per annum thereon, must forfeit the entire interest so charged, or contracted to be charged or reserved, and that in such cases only the actual principal sum of such usurious *contract* will be enforced in any court of this State, either at law or in equity, but we are also of the opinion that when said usurious interest is not only contracted for, but is *taken, reserved or has been paid* by means of the device employed for that purpose, then and in that event, as is provided by Section 6939, C. G. L., *supra,* the violator forfeits to the party from whom such usurious interest has been in fact taken, reserved or exacted, *double the amount of the interest so reserved, taken or exacted.*

"In the case at bar there was a negotiable promissory note executed by the lender which included in the principal sum thereof the concealed amount of $1,300.00 usurious interest, with nothing on the face of such note to indicate that fact. Such note in contemplation of law constitutes an *exaction* of the interest included in the principal sum stated in the face of the note as part of the principal. By including

such interest in the amount of the principal, the lender, in contemplation of law, thereby took, reserved and exacted such interest as effectually as if the actual money itself to pay such usurious interest had been demanded and paid in advance to the lender."

The instant case, we think, is ruled by the principles enunciated in the opinion last cited. The only difference is that in this case the lender, having exacted a sum equal to more than 25 per cent. as interest and bonus, he must forfeit all.

Therefore, the decree should be reversed with directions that decree be entered not inconsistent with this opinion. It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., concurs in the opinion and judgment.