166 So. 688

**NORTH CAROLINA MUT. LIFE INS. CO. v. CARTER.**

**2 Div. 75.**

Supreme Court of Alabama.

March 19, 1936.

Theodore L. Wade and Pettus & Fuller, all of Selma, for appellant.

Royal Randolph Smith, of Selma, for appellee.

BROWN, Justice.

This is an action of assumpsit by the beneficiary named in the policy of insurance, the basis of the suit, against the appellant, the insurer, to recover a sum of money alleged to be due on account of the death of the assured named in said policy.

The complaint consists of a single count, substantially in Code form. Code 1923, § 9531, form 12.

The plea was the general issue, pleaded in short by consent, with leave to give in evidence any matters that would bar a recovery if specially pleaded.

By the policy offered in evidence, the defendant engaged to pay the said beneficiary, on proof of the assured's death, $300, and double that sum if the death of the assured was caused solely from accidental causes.

The evidence is without conflict that the death of the assured was caused from a cut on his hand by a rusty piece of tin or metal, resulting in tetanus or lockjaw within five days thereafter.

There was evidence, offered by the defendant, that tended to show that the assured misrepresented his age in the application as 49 years, while in fact he was much older; that the defendant did not take risks or issue policies when the applicant was over 50 years of age. The plaintiff's evidence, on the other hand, goes to show that the assured stated his true age.

The court in the oral charge instructed the jury, inter alia, "The policy calls for $300.00 and the beneficiary claims the benefit of double indemnity; she claims that the death of the insured was the result of external accidental injury. * * * The plaintiff says she is entitled to double in-

demnity because the insured died of lockjaw as the result of an accident. * * * The form of your verdict, if you find for the plaintiff, will be: We the jury find the issue in favor of the plaintiff and assess her damages at, not more than $600.00, the amount claimed in the complaint, with interest."

There was a verdict and judgment for the plaintiff for $642,67.

The defendant, timely, made a motion for new trial, assigning as the seventh ground, "For that the verdict of the jury is excessive."

The appellant's first contention is that the plaintiff was not entitled to recover under the double indemnity clause of the policy under a complaint, in Code form.

Conceding that this contention would be well grounded if properly raised by the record, we are of the opinion it is not presented by any ruling of the court on the trial, by objection to the evidence, by requested instructions refused, or by due exception to the court's oral charge.

The question could have been raised when the policy was offered in evidence, on the ground that there was a variance between the averments and proof. The amount of the recovery could have been restricted by appropriate requested written instructions, or by exception to the oral charge of the court. There was no objection to the policy, no such written instructions were requested, and no exceptions reserved to the court's oral charge.

Moreover, the ground of the motion for a new trial was too general to call the attention of the court and the parties to the fact that it was grounded on the contention now made.

The assignment of error predicated on the court's sustaining the plaintiff's demurrer to defendant's motion to transfer the cause to the equity docket is also without merit. The defense of fraud may be presented at law, and is never a distinctive ground of equity jurisdiction. Pacific Mut. Life Ins. Co. of California v. Strange, 226 Ala. 98, 145 So. 425; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

No reversible errors appear.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.