173 So. 99

## MOBILE COUNTY v. LONDON & LANCASHIRE INS. CO., Limited.

### I Div. 273.

Court of Appeals of Alabama.

March 2, 1937.

Marion R. Vickers, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

RICE, Judge.

The decisive question on this appeal may well be considered to be the propriety vel non of the trial court's action in sustaining defendant's (appellee's) demurrers to plaintiff's (appellant's) amended count C, which is in words and figures as follows, to wit: "C. The plaintiff claims of the defendant the sum of Three Hundred Twelve and 9/100 (312.09) Dollars, for that heretofore on to-wit, the first day of October, 1931, the plaintiff entered into an agreement with the defendant, by the terms of which the defendant agreed to issue a policy of fire insurance on the Court House building and on the Jail building, both the property of the plaintiff, in the sum of Thirty-four Thousand, Six Hundred Sixty-eight and 34/100 ($34,668.34) Dollars, said policy to run for a period of three years. Plaintiff alleges that no specific agreement was made as to the amount of the premium to be paid. Plaintiff further alleges that both of the buildings above referred to were of such construction as to be given a triple A rating by the Southeastern Underwriters, the agency of various insurance companies, including the defendant, who inspect property and fix the insurance rates to be charged thereon, and that in making such inspection and classification, the Southeastern Underwriters mistakenly rated the said buildings as Class B buildings. Plaintiff alleges that the usual and customary premiums charged by insurance companies on buildings rated as triple A buildings was Four Hundred Seventy-two and 45/100 ($472.45) Dollars, and that when defendant issued the policy instead of charging such premium, it charged the sum of Seven Hundred Eighty-four and 54/100 ($784.54) Dollars, which was the amount determined by the mistaken rating of the Southeastern Underwriters, and plaintiff relying on the correctness of the premium as charged by the defendant, paid the same, believing it to be the usual and customary premium fixed for buildings of the character of the Court House and Jail, and plaintiff further alleges that it did not discover such mistake until after the above mentioned policy had expired, at which time it made demand on defendant for a refund of the excess premium paid by it, said demand being refused. And plaintiff alleges that as a proximate result of the breach of the contract by defendant to charge the usual and customary rate on triple A buildings, it has been damaged in the sum of Three Hundred Twelve and 9/100 ($312.09) Dollars, and plaintiff claims this amount, together with interest thereon from the first day of October, 1931."

Counsel for appellant, in his brief filed here, states the facts which gave rise to the litigation as follows: "When Mobile County placed its insurance with various local agents in October, 1928, and again in October, 1931, it placed a Twenty-five Hundred ($2500) Dollar policy with Appellee, in 1928 and in 1931, it placed a policy with Appellee in the sum of Thirty-four Thousand, Six Hundred Sixty-eight and 34/100 ($34,668.34) Dollars. At the time the agreement to insure was made with Appellee, nothing was said as to the amount of the premium or in other words, the cost of the insurance. The buildings were given a class B rating in the insurance policy issued by Appellee, this being the rating fixed by the Southeastern Underwriters, the agency of various insurance companies, including Appellee, who inspect property and fix the rates to be charged thereon. As a matter of fact, the buildings in question were fireproof buildings, and thus entitled to a triple A rating, and the Southeastern Underwriters mistakenly rated the buildings covered by said policy as class B buildings. Had said buildings been give the triple A rating to which they were entitled, the premium paid by Mobile County to Appellee would have been Twenty-two and 7/100 ($22.07) Dollars less on the policies written in October, 1928, and Three Hundred Twelve and 9/100 ($312.09) Dollars less on the policy written in October, 1931."

It is true enough, we believe, that where parties enter into a contract for insurance and the amount of the premium is not agreed on, the law implies the usual and customary premium. Newark Machine Company v. Kenton Insurance Company, 50 Ohio St. 549, 55 N.E. 1060, 22 L. R.A. 768; Cleveland Oil & Paint Manufacturing Company v. Norwich Union Fire Insurance Company, 34 Or. 228, 55 P. 435.

And that one paying money voluntarily, under a mistake of fact effecting his liability, may recover money so paid, and in order to prevent such recovery it is not

sufficient to show that plaintiff had the means of obtaining the requisite knowledge when he had no actual knowledge of the fact. Russell v. Richard & Thalheimer, 6 Ala.App. 73, 60 So. 411; Beasley v. Beasley, 206 Ala. 480, 90 So. 347.

But we cannot see that the law, as announced in the two paragraphs just next preceding, has application to the question instantly before us.

■ Appellant's counsel, in his brief filed here, makes this statement: "We freely admit that by express contract or express agreement an insurance company can charge any premium that it sees fit to charge." We concur in his views thus expressed. And they seem to conclude him on this appeal.

■ Whatever may have been the duty of the appellee Insurance Company as to issuing the policy, under the circumstances shown, for the usual and customary premium; and whether or not there is pith in appellee's contention that the policy, appearing to be issued for the premium shown to be due by the rating of the Southeastern Underwriters Association, was issued for the usual and customary rate of premium, we are clear to the view that, the policy once being issued for a definite, specified, rate of premium, and accepted by appellant, it is precluded from a recovery in this suit.

The appellee Insurance Company made known the rate of premium at which the policy was actually issued, in the policy itself. Appellant paid this rate—kept the policy until it had expired. If the rate was incorrect, or not that at which the policy was ordered, the duty lay upon appellant to reject the policy. It cannot now complain. None of the authorities cited by appellant's able and industrious counsel hold to the contrary.

We, too, are of the opinion the count in question stated no cause of action against appellee.

And the judgment of the lower court sustaining appellee's apt demurrers thereto is affirmed.

Affirmed.