184 So. 265

## Ex parte ST. PAUL FIRE & MARINE INS. CO. OF ST. PAUL, MINN.

### 6 Div. 286.

Court of Appeals of Alabama.

April 5, 1938.

Rehearing Denied May 10, 1938.

Writ granted on Mandate Nov. 1, 1938.

Coleman, Spain, Stewart & Davies, of Birmingham, for petitioner.

J. L. Drennen, of Birmingham, for respondent.

RICE, Judge.

This is an original petition of St. Paul Fire & Marine Insurance Company of St. Paul, Minn., for mandamus to Hon. J. Fritz Thompson, as judge of the circuit court of Jefferson county.

A statement of the facts, necessary to a proper understanding of what we shall have to say, is perhaps best taken, bodily, from the brief filed here on behalf of petitioner, to wit:

"The R. D. Burnett Cigar Company, a corporation, on the 31st of July, 1936, filed a suit against your petitioner in the circuit court of Jefferson county, Alabama, to recover $750.00 for the loss or damage by theft of a truck. Subsequent thereto, and on, to wit, the 16th of March, 1937, your petitioner did file a motion in this cause to transfer the cause to the equity court upon the ground that your petitioner had an equitable defense or right which it could not assert in a court of law but which it could assert in a court of equity and which would dispose of the cause. (Code 1928, § 6490.) This equitable right or defense is based, in substance, upon the following facts:

"The policy sued upon provided in substance that it would be null and void in the event that the assured was not the unconditional and sole owner of the automobile or truck stolen, and that in fact plaintiff was not the sole and unconditional owner but that the truck was in fact owned by one, W. D. Franklin, an employee of the assured, who sold merchandise for the assured on a commission basis; that the merchandise were (was) delivered to the said Franklin by the assured and were (was) hauled in said truck and sold from the truck, and as security for the proceeds of the merchandise the assured took a mortgage on the said truck from the said W. D. Franklin.

"The motion further alleged that after the alleged loss by theft or robbery occurred the assured (plaintiff in the case) did file a proof of loss sworn to by the assured, in which it was stated that the automobile belonged to the said W. D. Franklin. Subsequent thereto, however, the plaintiff claimed that on, to wit, the 29th of June,

1935, the said W. D. Franklin did execute an instrument in writing, which on its face is an absolute bill of sale (to R. D. Burnett Cigar Company, a corporation) to the truck involved.

"Petitioner alleges, however, that said alleged bill of sale was in fact intended as a chattel mortgage and as security for a debt.

"Upon a hearing of this cause the trial court overruled the petitioner's motion. On account of this ruling of the trial court this petition for mandamus is filed."

Rule nisi was issued to respondent, Judge Thompson, on January 3, 1938, and his answer was filed in this court on January 13, 1938.

It is established that petitioner has pursued the right method to get a review of the action of the nisi prius judge about which he is complaining. Ex parte Holzer, 219 Ala. 431, 122 So. 421; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843.

But we are unable to see that it is entitled to the writ prayed for.

Paragraph 5 of the return made by the learned judge to the rule nisi seems to us to be a complete answer to the contention advanced by petitioner. It follows, to wit:

"5. It affirmatively appears that the defense that plaintiff in said litigation was not the sole owner of said truck at the time said policy was issued, is a matter of defense in the action at law and is not an equitable defense, and defendant in said action at law has a plain and adequate remedy in the making of said defense."

We are not impressed by the argument made on behalf of petitioner that it will not, in the law court, be allowed to introduce such evidence as it has that the bill of sale hereinabove referred to was for any reason fraudulent. North Carolina Mut. Life Ins. Co. v. Carter, 232 Ala. 29, 166 So. 688.

The writ is denied.

PER CURIAM.

Writ granted on authority of Ex parte St. Paul Fire & Marine Ins. Co., 236 Ala. 543, 184 So. 267.