190 So. 273

**BELL v. BARNES et al.**

**6 Div. 467.**

Supreme Court of Alabama.

June 29, 1939.

E. L. Dodson, of Tuscaloosa, for appellant.

Foster, Rice & Foster and Gordon Madison, all of Tuscaloosa, for appellees.

FOSTER, Justice.

This appeal is from a decree of the circuit court, in equity, confirming the findings of the register on reference, and overruling exceptions to it, and rendering a final decree in favor of appellant against appellees for $150.20. Appellant being dissatisfied with the amount of the decree, and insisting that the recovery should have been for a larger sum, has brought this appeal.

The register first made a report on January 21, 1938, that on February 19, 1934, appellees had paid appellant's intestate $583.58, but that they owed him an additional sum of $616.10, which with interest to the date of his report amounted on that date to $772.-92. It is for this amount, as a minimum, that appellant now claims a judgment, although exceptions were filed to the report.

On February 10, 1938, the register made representation to the court that he had been informed that he had allowed appellant certain credits which were claimed to be erroneous, and inadvertently allowed, and requested the court to resubmit the matter to him in order that said errors may be corrected. The court on that day made a decree directing the register to make a supplementary report, and that the cause be resubmitted to him to make such corrections as he found proper to be made.

■ Appellant insists that the court was without such power. The rule in this connection is that the matter of a re-reference is within the sound judicial discretion of the court. Sims Chancery Practice, section 609; Roy v. O'Neill, 168 Ala. 354, 52 So. 946; Nunn v. Nunn, 66 Ala. 35; 53 Corpus Juris 796, section 302. There is no abuse of such discretion here made to appear.

■ On February 14, 1938, the register made a supplementary report in which he states that on such hearing he examined two witnesses under oath touching certain credits which he had given appellant. This was done in the presence of counsel for both parties, but over the objection of

counsel for appellant. The testimony of those witnesses was not taken down in writing, as required by Rule 88, Chancery Practice. But there was no exception to the register's neglect in not having their testimony reduced to writing, and no action on such failure was sought of the court, nor was a ruling made in that connection. So that for such failure there is nothing presented to us for review.

In the supplemental report, the register found that he had allowed a credit of $420.-29 on April 1, 1930, and had made a charge of $171.91, both of which should be eliminated since the item was included in another entry, so that the sum of $248.38 was the proper net amount of the erroneous credit, and which with interest, making a total of $325.55, the register took from the credits allowed appellant in his former report. Also appellant was credited with $155.48 on July 25, 1932, which was included in a credit allowance of $669.20 as of June 1, 1932, which certain adjustments makes a net amount of $174.90, which the register deducted from the credits which he had previously allowed. So that there was a total sum of $500.45 ($325.55 and $174.91) deducted from the amount previously found to be due appellant.

The register made alternative calculations of interest leading to four different results:

1. By allowing all interest charges shown by the account books of appellees, Bell would still owe them as of February 19, 1934, $306.49.

2. By deducting certain charges shown by an audit referred to, the amount would be $142.36.

3. If the legal rate of interest is calculated appellees would be due appellant as of February 19, 1934, $115.65.

4. If no interest is allowed, appellees would owe appellant $1733.34.

But made his report on the basis of the third alternative above, or $115.65, which with interest amounted to $150.25 on the date of the final decree, for which a judgment was rendered for appellant as we have stated.

Exceptions were filed by appellant to the original report, in which he concurred except as to that feature which allowed legal interest. He also excepted to the supplementary report. Upon the authority of Mahone v. Williams, 39 Ala. 202, 225;

Woodruff v. Smith, 127 Ala. 65, 28 So. 736, the exceptions were too general.

But the argument here made and citations to the exceptions relate only to the allowance of interest and the two items which were deducted from the credits allowed appellant as shown by the supplementary report. We waive for the moment the insufficiency of the exceptions, and treat them on their merits, since we cannot sustain them in either respect, as we will undertake to demonstrate.

True a debtor who pays more than he owes may recover the excess, if such payment was made by mistake of fact or was procured by fraud. Roney v. Commercial Union Fire Ins. Co., 225 Ala. 367, 143 So. 571; Jasper Trust Co. v. K. C. M. & B. R. Co., 99 Ala. 416, 14 So. 546, 42 Am.St.Rep. 75; 15 Alabama Digest Payment, p. 769, ☞ 85.

And this includes an over-payment of interest due to an erroneous calculation made under a mistake of fact. Beasley v. Beasley, 206 Ala. 480, 90 So. 347.

But does not include a voluntary payment of usury made not under mistake of fact. Alabama Cash Credit Corporation v. Bartlett, 225 Ala. 641, 144 So. 808; Cooledge v. Collum, 211 Ala. 203, 100 So. 143; Gross v. Coffey, 111 Ala. 468, 20 So. 428.

So that if Bell assented to the method used of charging and computing interest, and it was usurious and voluntarily paid, he cannot recover on that account. He did voluntarily approve such payment. If he did not assent, it was not usurious, and he cannot complain that the court computed the amount at the legal rate.

So that in neither event has he just cause to complain of the interest charge and the exception in that respect was properly overruled.

With respect to the items which were specifically treated in the supplementary report, we observe in the first place that if his finding as to them is true and supported by the evidence his disposition of them was proper, as to which there can be no difference of opinion. As we have stated, the supplementary report of the register shows that upon a reconsideration of those items he examined orally two witnesses. This was done in the presence of counsel for both parties, as to which there was apparently no irregularity except

that their evidence was not taken down in writing as required by law. But to this there was no objection. If there had been, doubtless the rule would have been observed.

 So that as to those items it affirmatively appears that the finding of the register is materially affected by evidence which was before the register, but was not before the trial court on hearing the exceptions, and is not before us in reviewing the decree of the trial court. Under such status, the only proper result is to affirm the decree in that aspect. Jefferson v. Sadler, 155 Ala. 537, 46 So. 969; Wood v. Wood, 119 Ala. 183, 24 So. 841; Patton v. Endowment Department, 232 Ala. 236, 167 So. 323.

We have not treated the alleged settlement made on February 19, 1934, because the trial court did not seem to have been controlled by it, and we preferred to consider the case as was done in that court.

We do not wish to be understood as holding that such settlement is not conclusive and proven in a legal manner. On that basis appellant would not be due anything without setting aside or modifying that settlement on well known principles, not here undertaken.

Appellees for reasons of their own have not seen fit here to question the decree. It is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.