10 So.2d 43

**DUDLEY v. WHATLEY.**

5 Div. 157.

Court of Appeals of Alabama.
June 30, 1942.

Rehearing Denied Oct. 6, 1942.

J. B. Hicks, of Phenix City, for appellant.

580

Jacob A. Walker and Carl E. Maye, both of Opelika, for appellee.

**SIMPSON, Judge.**

The suit is to recover rent of a dwelling house due the plaintiff's intestate from December 1, 1940, to August 15, 1941. From an adverse judgment below, the defendant appeals.

The defendant first interposed a motion to transfer the cause to the equity docket, claiming an equitable defense to the action, not pleadable at law. Code 1940, Title 13, Section 152. The denial of this motion is the initial assignment of error.

The uniform holding of our Supreme Court is that the refusal of the trial court to transfer a cause from the law docket to the equity docket is not reviewable by appeal, even after a final judgment in the case. Esslinger v. Spragins, 236 Ala. 508, 512, 183 So. 401; Holder v. Taylor, 233 Ala. 477, 172 So. 761; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48; Maryland Cas. Co. v. Dupree, 223 Ala. 420, 423, 136 So. 811.

This court, therefore, is without authority to consider for revisement this action of the trial court in overruling the defendant's motion to transfer. Code 1940, Title 13, Section 95.

It has been held that the appropriate remedy to invoke a review of such nisi prius action is mandamus. Esslinger v. Spragins, supra; Ex parte St. Paul Fire & Marine Ins. Co., 28 Ala.App. 351, 184 So. 265.

The second and remaining assignment of error relates to the exclusion of evidence (offered by defendant) that about five years previously the defendant had, in an entirely different transaction, overpaid a note he owed the plaintiff's intestate.

The only plea was payment. The defendant did not deny the rent debt, but sought to defeat the suit by the proffered proof aforesaid, viz., the overpayment in 1935 of said note.

Under the pleadings in the case, this evidence was clearly inadmissible. We know of no law which would authorize such proof in support of a plea of payment. Nor does appellant furnish us with any authority, but merely asseverates: "No Law or Authority is needed to sustain this. Common Sense and Reason shouts this at you."

Such argument is, of course, inadequate to invite a review. Finklea v. Brunson, ante, .p 419, 7 So.2d 94.

But, in deference to the strenuous insistence of counsel that the evidence was improperly excluded, we point out that there was no plea of set-off or recoupment. Perhaps, if, at the time the instant right of action accrued to the plaintiff, the defendant had a legal, subsisting claim against the plaintiff which was properly subject to be set off against the plaintiff's debt, the defendant could have availed himself of this evidence by a plea of set-off. Code 1940, Title 7, Section 350 et seq. This, however, he elected not to do.

He certainly could not defeat the current rent debt under his plea of payment, when admittedly he has not paid it, merely by proving that, in some prior different transaction with the same creditor years before, he had overpaid an obligation then owing to her.

The learned trial judge in excluding this evidence succinctly pointed this out: "How in the world could a credit made on a note back in 1935 be considered payment on a rental obligation in 1940?"

The appeal presents no revisable error. The judgment must be affirmed.

Affirmed.

## On Rehearing.

**SIMPSON, Judge.**

Appellant now contends that the rejected evidence regarding the overpayment of certain sums of money to plaintiff's intestate purposed to show that the mortgage and

rent debts were co-existent, that he was liquidating both, serially, by the payments, proof of which he attempted to offer; and which proof (excluded) would have shown that, in making payments on these debts, he had paid in excess of both. But the record clearly discloses otherwise.

■ Intention to pay and receive as payment is essential to constitute payment. A debt is not paid unless by mutual intention of the parties money or something of value is given and accepted in satisfaction thereof. 48 C.J. 586–7, Notes 16 and 17.

There was no proof or attempt to prove that any payments were ever made or accepted in liquidation of the rent debt now counted upon. As to the purport of this excluded evidence, the appellant in his original brief asserted: "The Defendant's contention which is plainly evident from the record tended to show that he owed the Plaintiff a Mortgage Debt of $3,000.00, which was made in payments from time to time * * * but the Defendant finally, from source, had the dawning of an idea that he had paid too much. That the total sum he had owed the Plaintiff $3810.00, that was principal and interest, but that he had paid the Plaintiff $4481.00, the last payment of $1482.00 had run the mortgage debt payments over what he owed by $671.00 he owed the rent of $127.50, but with this off he still had over paid the Plaintiff by $443.50." Thus his clear statement that the mortgage debt—not rent debt—had been overpaid.

His motion in the lower court to transfer the cause to equity was likewise predicated upon this same claim of excess payment, by $671, of the mortgage and a right of set-off and counterclaim against the debt sued on.

■ Our original interpretation is therefore reasonable that the purpose of this rejected evidence was to defeat the present action by proof of overpayment of a previous mortgage debt. This of course was not permissible in the absence of a mutual agreement that the debt should be so satisfied.

■ Whether or not payment is effected depends upon the mutual intent of the parties manifested to each other. Equitable Life Assur. Soc. v. Brandt, 240 Ala. 260, 198 So. 595, 134 A.L.R. 555.

■ And, in order to constitute payment, the money must have been delivered by the debtor or his representative with intent on the debtor's part to extinguish the debt, wholly or partially, and accepted as such by the creditor. Smith v. Pitts, 167 Ala. 461, 52 So. 402.

■ It is also observed in Corpus Juris: "Whether or not a transaction constitutes payment depends largely upon the intention of the parties; * * * and where it is delivered and accepted as payment of a debt which does not exist, it does not discharge another debt between the same parties." 48 C.J. p. 586–7.

It is evident here that the appellant was manifesting no intention of paying the rent debt, when he paid an excess of the amount due by the mortgage.

■ If he overpaid the mortgage debt under a mistake of fact, it is held he may recover the excess. Bell v. Barnes, 238 Ala. 248, 190 So. 273; Mobile County v. London, etc., Ins. Co., 27 Ala.App. 384, 173 So. 99; Beasley v. Beasley, 206 Ala. 480, 90 So. 347; Franklin Life Ins. Co., v. Ward, 237 Ala. 474, 187 So. 462.

■ And, though his claim may be adjudicated in a separate suit or, as originally suggested above, in the present action by a proper plea of set-off and counterclaim, proof of such excess payment may not be here employed to defeat recovery of money due by an entirely different contract.

■ "A cross-demand, no matter how clearly established, is not payment, and cannot be treated as such. It can become payment by the agreement of the parties to so treat and liquidate it, and in no other way." McCurdy v. Middleton, 82 Ala. 131, 137, 2 So. 721, 724, Stone, C. J., writing.

The application is overruled.

Rehearing denied.