65 So.2d 864 (1953)
CHAKFORD et al.
v.
STURM.
Supreme Court of Florida, Division A.
June 5, 1953.
Rehearing Denied July 13, 1953.
L.S. Julian, Richard E. Cotton, Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellants.
Walton, Hubbard, Schroeder, Lantaff & Atkins and John H. Wahl, Jr., Miami, for appellee.
TERRELL, Justice.
Appellants borrowed $60,000 from appellee for 90 days and executed their notes bearing interest at six per cent per annum to secure the loan. A bonus of $5,000 in addition to interest was charged on the loan so appellants received only $55,000. In order to secure a 30-day extension on the loan a second bonus of $600 was charged in addition to interest which totaled $1,318.32. Summarized, appellants received $55,000 on a $60,000 loan for 120 days and paid bonuses and interest on it in the sum of $6,918.32.
The complaint alleged these facts and others with reference to assignment of said notes and mortgage by which they were secured, to the First National Bank of Miami. It further alleged that by such contrivance the defendant reserved, exacted and took from plaintiffs a sum of money greater than the actual principal sum received by them from defendant, together with an additional sum of money equal to 10 per cent upon the principal sum loaned and that pursuant to Sections 687.03 and 687.04, Florida Statutes 1951, F.S.A., defendant forfeited to plaintiffs double the amount of interest so taken. The amended complaint is largely a repetition of the original complaint, except that it relies on violation of Section 687.07, Florida Statutes 1951, F.S.A., and says defendant forfeited to the plaintiffs the entire sum of principal and interest in the sum of $61,918.32. A motion to dismiss the complaint *865 and the amended complaint was granted and the plaintiffs appealed.
The point for determination is whether or not when a lender executes a loan and charges the borrower a sum of money equal to 25 per cent per annum on the sum loaned, contrary to Section 687.07, Florida Statutes 1951, F.S.A., the borrower may recover from the lender the entire sum paid him, in this case principal, interest and bonus.
The answer to the question turns on the interpretation of Section 687.07, Florida Statutes 1951, F.S.A., as follows:
"Any person, or the agent, officer or other representative of any person, lending money in this state who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days."
For an affirmative answer to the question appellants rely on Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750, and Hormuth v. Dickson, 115 Fla. 790, 156 So. 127. In these cases, particularly the former, the majority of the court reviewed the policy of the state as expressed in the quoted statute and held that the lender forfeited both principal and interest of the sum loaned if he exacts or accepts an amount equal to 25 per cent per annum of the sum loaned in the way of commission, discount or interest. The effect of such an exaction is a misdemeanor.
Appellee meets the contention of appellants with the allegation that appellants paid the amounts charged voluntarily with full knowledge of the facts and without coercion or compulsion from appellee and cannot now recover principal, interest or bonus so paid. This contention is predicated on the charge that usury is a purely personal defense which may be availed of or waived at the election of the one aggrieved. Coe v. Muller, 74 Fla. 399, 77 So. 88; Sullivan v. Thumm, 101 Fla. 1412, 136 So. 439, and Mackey v. Thompson, 153 Fla. 210, 14 So.2d 571 are relied on to support this contention.
Appellee also contends that under the law of Florida there are two avenues of relief that a borrower may interpose to an usurious transaction. He may go into equity and seek cancellation of the contract and surrender his security, on the theory that there is no legal or equitable obligation to return any portion of the money loaned, or he may refuse to honor the obligation and when suit is brought to enforce it by foreclosure or other means, he may interpose the defense of usury. If he does not take advantage of either of these remedies and pays voluntarily, he waives the defense of usury and cannot enforce the obligation. Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750; McGillick v. Chapman, 134 Fla. 220, 184 So. 26; Blain v. Willson, 32 Neb. 302, 49 N.W. 224; Bell v. Barnes, 238 Ala. 248, 190 So. 273 and other cases are relied on to support this contention.
It is not denied that voluntary payment has many times been successfully interposed as a defense to usury but it appears from an examination of the cases relied on that they turn on the interpretation of statutes or contracts approving such a defense or the borrower and the lender must be in pari delicto. Our statute, Section 687.07, Florida Statutes 1951, F.S.A., regards the lender as the oppressor and the borrower as the oppressed. If the sum exacted as interest is equal to 25 per cent of the amount loaned "by any contract, contrivance or device whatever" the entire sum, both principal and interest, is forfeited. Not only that, but the lender is *866 guilty of a misdemeanor. In Richter Jewelry Company v. Schweinert, supra, a majority of this court held the act in question to express the policy of the state with reference to usury and that the lender forfeited principal and interest if he violated the statute.
The writer of this opinion, for reasons not necessary to discuss, did not agree to the decision in the last cited case, but it appears to be the law of the state and the court is bound by it. We find nothing in our statute that leads to the interpretation contended for by appellee and, as pointed out, the cases relied on by him not only express the minority rule but turn on conditions peculiar to the jurisdiction where rendered. It is not material that usurious interest was paid voluntarily.
It is perfectly apparent that there is no uniformity in the usury statutes (see Camalier's Personal Finance Laws, 1938 ed.). Where the statute does not specifically cover the point, however, the majority rule seems to be that one may recover usurious interest payments already made. 66 C.J., Usury, § 264. But there is a contrary rule to the effect that when such payments are "voluntary," the parties are in pari delicto as participating in an illegal contract, etc. The latter reasoning has been applied under a statute providing that usurious contracts are void, the theory being that neither party has any rights to recourse in the courts if the contract was void.
Florida has expressly disapproved the "pari delicto" theory as applied to usury, but the facts of the pertinent case involved usury as a defense rather than as a basis for recovery of money paid.
The authorities are at variance on the issue of the borrower's payment of a usurious debt as constituting a voluntary settlement. On the one hand it is said: "Having once paid the debt he will not be allowed to change his mind and recover the sum paid." But other courts say that "settlements of usurious dealings are excepted from the general rule that the parties to a voluntary settlement fairly made cannot reopen it, since otherwise usurers might make a practice of giving their illegal claims the form of an account stated and thus evade the usury laws." See 66 C.J., Usury, § 275.
Under a statute providing that usurious interest shall be forfeited, a mortgagor "does not waive his right to recover usurious payments by paying the mortgage debt, including usury, without protest." Damico v. Mayer, 158 A. 847, 10 N.J. Misc. 287.
The judgment appealed from is reversed on authority of Richter Jewelry Company v. Schweinert, supra. If appellants can prove the allegations of their complaint, a violation of the statute is shown and they are entitled to the relief sought.
Reversed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.