It is well settled that money voluntarily paid under a mistake of fact may be recovered, see, e.g., Citizens' Bank ofFayette v. Blach Sons, Inc., 228 Ala. 246, 153 So. 404
(1934); Jones v. Watkins, 1 Stew. 81 (Ala. 1827), even where the party paying had means of ascertaining the real facts,Hinds v. Wiles, 12 Ala. App. 596, 68 So. 556 (1912). However, it is equally well settled that money voluntarily paid with full knowledge of the facts but by reason of mistake of law cannot be recovered. See Rice v. Tuscaloosa County, 242 Ala. 62,4 So.2d 497 (1941); Hinds v. Wiles, supra.
In the instant case, Dr. Sherrill made payment under a mistake of fact as well as law. Dr. Sherrill was under the mistaken belief that Bank of the Southeast would not demand payment from him, and that since Morris had not been paid, he did not owe Bank of the Southeast. Dr. Sherrill believed that title to the car was in Morris instead of in him, as was actually the case, so that Morris was the proper party to receive payment. When there is a mistake as to both fact and law, the courts allow the party to recover the money paid.Hemphill v. Moody, 64 Ala. 468 (1879). "But, in civil proceedings, this rule [as to mistake of law], owing to its hardship, has been treated as one stricti juris; and if there was intermixed with the mistake of law, any mistake *Page 258 
of fact, courts have willingly seized upon it, and made it the ground of relief." Id. at 473-74. Accordingly, Dr. Sherrill is entitled to the return of the $4,860.61 paid to Morris.