In re BAY DEVELOPMENT CORPORA-
TION OF DESTIN, INC., Debtor.

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF SYLACAUGA,
Plaintiff,

v.

James L. "Skip" DEUPREE and Charles
A. Deupree, Defendants/Third-party
Plaintiffs,

v.

BAY DEVELOPMENT CORPORATION
OF DESTIN, INC., Third-party
Defendant.

Bankruptcy No. 88–08344.
Adv. No. 88–0555.

United States Bankruptcy Court,
N.D. Alabama.

March 2, 1989.

Larry R. Newman, Birmingham, Ala.,
and Frank LaBudde, Anniston, Ala., for
plaintiff.

Cleophus Thomas, Anniston, Ala., for
James L. "Skip" Deupree, Jr. and Charles
A. Deupree, defendants.

Thomas J. Knight, Anniston, Ala., for
Bay Development Corp. of Destin, Inc.,
third-party defendant.

## FINDINGS OF FACT AND
CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

The above-styled adversary proceeding
came before the Court on October 11, 1988,
at Anniston, Alabama, on the motion of the
plaintiff, First Federal Savings & Loan As-
sociation of Sylacauga (First Federal), for
summary judgment, and upon considera-

tion of the motion and statements by the respective parties the Court took the matter under advisement.

The plaintiff having filed an affidavit in support of the motion and the defendant James L. "Skip" Deupree, Jr. having filed two affidavits in opposition to said motion, one affiant being James L. Deupree, Jr. and the other being Travis McKay, and Charles A. Deupree having filed no counter-affidavit, the Court, after consideration of the evidence presented on the motion, finds the facts to be as follows:

*Findings of Fact*

1. On March 29, 1988, First Federal filed a complaint in the Circuit Court of Talladega County, Alabama, naming James L. "Skip" Deupree, Jr. and Charles A. Deupree as defendants, said case being civil action number CV88–097;

2. The complaint filed in state court sought a judgment in favor of the plaintiff and against the defendants in the sum of $93,816.58 plus interest, attorney's fees and costs. The complaint had attached thereto a copy of a promissory note made between the parties on December 15, 1986;

3. In the promissory note, the defendants promised to pay to the plaintiff the sum of $99,000, but the note recited that its purpose was to secure the payee for any sums up to $99,000.00 advanced by the payee pursuant to the irrevocable letter of credit No. 3 issued by the plaintiff on behalf of James L. "Skip" Deupree, Jr. and Bay Development Corporation of Destin, Inc. (Bay Development). The note stated the specific agreement between the parties that interest would not accrue on the debt and that the obligation of James L. "Skip" Deupree and Charles A. Deupree to repay the sum would not accrue until letter of credit No. 3 was drawn upon;

4. The defendants filed in the state court proceeding an answer denying all allegations of the complaint and filed a third-party complaint against Bay Development;

5. Bay Development failed to respond to the third-party complaint after being served a summons by the clerk of the Circuit Court of Talladega County, Alabama, on June 22, 1988;

6. On June 21, 1988, First Federal filed a motion for summary judgment and an affidavit in support thereof in the Circuit Court of Talladega County, Alabama. The motion was not heard by said court because on August 30, 1988, one day before the motion was to be heard before the state court, the third-party defendant, Bay Development, filed a notice of removal with the clerk of the United States Bankruptcy Court for the Northern District of Alabama, and commenced the above-styled adversary proceeding. On the same date a bankruptcy petition was filed under title 11, chapter 11, United States Code, by Bay Development;

7. On March 18, 1988, pursuant to and in accordance with the promissory note, the plaintiff paid $93,816.58 to the order of the register of the Circuit Court of Talladega, Alabama, on behalf of James L. "Skip" Deupree, among others;

8. The defendants failed to repay First Federal Savings and Loan of Sylacauga and are in default under the terms and conditions of the promissory note; and

9. Prior to December 15, 1986, the date the note was executed between the plaintiff and the defendants, James L. "Skip" Deupree and Travis McKay, then president of the plaintiff and acting in that capacity, entered into an oral agreement providing that if the letter of credit (for which the note was given) were drawn upon, the plaintiff would not exercise its rights of demand payment but would allow monthly payments to be made by the defendants, and if monthly payments were not made to the plaintiff, then, at that point the plaintiff could exercise any and all rights under the note. The intention of the parties was to use the original terms of the promissory note to allow time to structure an installment note if the letter of credit were drawn upon.

*Conclusions of Law*

■ The defendant Charles A. Deupree, having failed to file a counter-affidavit to the plaintiff's motion for summary judgment, and said defendant being unable to

rest upon the allegations or demands contained in his pleadings,[1] the Court concludes that the facts contained in the plaintiff's affidavit in support of the motion for summary judgment are as if stipulated to by said defendant.

As to the evidence presented on the motion, the Court concludes that the oral agreement between James L. "Skip" Deupree and the plaintiff made prior to the execution of the note on December 15, 1988, is evidence which is not admissible to contradict the terms of the promissory note. It is a well-established rule that parol evidence of a different agreement prior to the making of an unambiguous written agreement cannot be admitted into evidence to contradict or vary the written agreement.[2] The Court will not consider the agreement between James L. "Skip" Deupree and the plaintiff made prior to the execution of the note, but will look to the terms of the note to determine the liability of the parties.

The note provides among other terms and conditions that interest would not accrue and the obligation of James L. "Skip" Deupree, Jr. and Charles A. Deupree to repay the sums called for in the note would not accrue until irrevocable letter of credit No. 3 was drawn upon. In that event, the note would become due and payable within thirty days from the date the letter of credit was drawn upon. The parties waived demand, notice, and protest, although the Court concludes through the affidavit of Donald Stroup that demand was made upon the defendants after their default in repayment of the sums due the plaintiff.

The defendants contend that plaintiff does not allege that the letter of credit was drawn upon; however, this Court concludes that the affidavit submitted by the plaintiff and uncontradicted by the defendants establishes that it was drawn upon, because it states that the plaintiff paid to the register of the Circuit Court of Talladega

County the sum of $93,816.58 *pursuant to* and *in accordance with the terms and conditions of the note,* which, by its terms, was conditioned upon a drawing upon of the letter of credit.

The Court concludes that the letter of credit was drawn upon when the plaintiff paid the sum of $93,816.58 to the register of the Circuit Court of Talladega County, Alabama, on behalf of James L. "Skip" Deupree, Jr. among others, and that the defendants failed to repay the debt within the time specified by the note or any time thereafter; therefore, summary judgment is due to be entered in favor of the plaintiff and against the defendants, James L. "Skip" Deupree, Jr. and Charles A. Deupree.

temporaneous parol agreement made at the time an unambiguous mortgage was executed was not admissible to contradict the terms contained in the mortgage.

---

1. Fed.R.Civ.P. 56(e).

2. 9 Ala.D. 441. See *Beasley v. Beasley,* 90 So. 347, 206 Ala. 480 (1921) wherein the Supreme Court of Alabama held that evidence of a con-