## BEALL v. DEARING.

1. An abortive attempt to take the deposition of a non-resident, in whose possession a deed was last known to be, is equivalent to a demand of the deed.

2. Where a deed is of ancient date, is of such a character as would not probably be preserved a great length of time, as a bill of sale of slaves, and no inference can arise that the party improperly withholds the deed, a slight showing of diligence will be sufficient to let in the secondary evidence.

3. A certified copy of a registered deed, which the law does not require to be recorded, though not evidence of the contents of the deed, was proper to go to the Court, in the case of a deed thirty years old, to show, *prima facie*, that such a deed once existed; but before the jury, the party would have to prove the fact of the execution of the deed, as well as its contents.

4. The execution of a lost deed must be proved before secondary evidence can be given of its contents, but if it be thirty years old, its due execution may be presumed.

Error to the Circuit Court of Tuscaloosa.

TROVER for a slave by the plaintiff against the defendant in error. The plaintiff claimed the slave under the will of his father. The defendant claimed under one John S. Devan, who became possessed of the slave in right of his wife Sarah Garnett. The defendant relied on a deed from Matthew Beall to Sarah Garnett, conveying the slave in controversy, and for the purpose of proving by secondary evidence the contents of the deed, which was alledged to be lost, offered the following preliminary proofs :

The deposition of Mrs. Devan, her husband being dead,

which had been taken in the Territory of Florida, by interrogatories, at the instance of the defendant. The interrogatories propounded by the defendants related solely to the former existence and loss of the deed or bill of sale. The cross interrogatories related not only to the existence and loss of the bill of sale, but proposed a series of interrogatories to the witness upon the merits of the plaintiff's case.

The witness answered the first interrogatory, in substance, that the deed once existed, but was now, as she supposed, lost; and refused to answer the remaining interrogatories and cross interrogatories. To the reading of this deposition the plaintiff objected, because the cross interrogatories were not answered; but the Court permitted it to be read, and the plaintiff excepted.

The defendant also produced to the Court a certified transcript from the clerk's office of Washington County Court, of what purported to be a deed from Nathaniel Beall, the Surveyor General, dated 9th June, 1810, for a number of negroes, including the one in controversy, which appears to have been recorded on the 11th of April, 1815.

The defendant himself made oath before the Court, that Devan, the husband of Sarah Garnett, had, as he understood, died about ten years ago in or about Mobile, as he understood insolvent; and that he had never heard of any administration on his estate: that he knew nothing of the original deed—and had inquired of one Lyon, and another, who were understood to know something of it, but could learn nothing about it. That he had at great expense, sent on an agent to Florida, to procure the deed, if possible, or some evidence of it, who returned without giving any other account than that contained in Mrs. Devan's deposition. That he had heard of no other person from whom he could obtain information of the deed. This being all the testimony the plaintiff objected to the same as sufficient to let in secondary evidence of the contents of the deed, but the Court overruled the objection, and the plaintiff excepted.

The defendant then read the deposition of John Phillips, who among other things deposed, that about the year 1810, Nathaniel Beall sold all or most of his slaves to Sarah Garnett—that Beall handed him the bill of sale and requested him to take her notes for the purchase money—that he took her notes and

delivered them to Beall, and delivered the slaves to Sarah Garnett; among these slaves was the one in controversy. The plaintiff objected to this evidence to prove the contents of the deed, but the Court overruled the objection upon the ground that the jury must determine whether the contents of the deed were proved or not, to which the plaintiff excepted.

These several matters are now assigned for error.

PECK & CLARK, for plaintiff in error. The deposition was improperly admitted, because the cross interrogatories were not answered. [1 M. & S. 4, 6; Greenleaf's Ev. 590 § 554; Starkie Ev. 271, § 103; 1 Phillips Ev. 273.]

The execution of the deed should have been proved by the subscribing witnesses, and the case is not varied because the deed is alledged to be lost. [16 Johns. 193; 1 Phillips, 452.]

The preliminary testimony was not sufficient to authorize proof of the contents of the deed.

CRABB and P. MARTIN, contra.—Contended that this case was in all respects like the case of Mordecai v. Beall, 8th Porter, 529, and relied upon that case as in point.

ORMOND, J.—The question presented on the record and argued by the counsel, is, whether the preliminary evidence offered of the existence and loss of the deed, was sufficient to let in secondary evidence of its contents.

The principal question which has been argued was upon the admissibility of the deposition of Mrs. Devan, to prove the loss of the deed. The question whether the deposition could be read as testimony for any purpose, after she had declined to answer the cross interrogatories, some of which were certainly proper, and should have been answered, is not one of difficult solution; but I shall decline the consideration of the question, because it is not necessary to be determined. Conceding that the deposition could not be read as evidence, the abortive attempt to take it, is certainly equivalent to a demand of the deed from the person in whose possession it was last known to be; which when the deed was in possession of a non resident, was held by this Court to be sufficient, in the case of Mordecai v. Beall, 8th Porter, 529, and Swift v. Fitzhugh, 9th Porter, 39.

The question for the Court to determine was, whether the facts adduced raised the presumption that the deed once existed, and was now lost, or out of the power of the party to produce without fault on his part.

It has been frequently remarked by this and other Courts, that no general rule can be laid down on this subject, but that each case must in a great degree depend upon its own circumstances. In this case the deed was of very ancient date, being more than thirty years old at the time of the trial—it had never been in possession of the defendant, nor was it a muniment of his title, as it conveyed to his grantor many other slaves besides the one he purchased, and which purchase was made not from the grantor in the deed, but at sheriff's sale. In addition, the deed itself, a bill of sale of slaves, was not an instrument which would probably be preserved such a length of time, as a possession of less than one fourth of that period would be as good evidence of title, as would be afforded by the deed. No inference can arise that the defendant improperly withheld the deed, and altogether the facts present such a case as would require but a slight showing on the part of the defendant to let in the secondary evidence.

The evidence adduced, consisted of the oath of the defendant, denying all knowledge of the deed—and that he had made inquiry of such persons as were supposed to have knowledge of it. That Devan who had married the grantee, died insolvent, and that he did not know that any one had ever administered on his estate ;—and finally, that he had sent to Florida, where Mrs. Devan resided, and made an ineffectual effort to take her deposition to establish the existence, loss, and contents of the deed. I consider this diligence quite sufficient to show that a proper search was made for the orginal, nor can I conceive what more could be required.

That the deed once existed, is conclusively established by the testimony of Phillips, though it does not appear that his testimony was offered to the Court in the first instance, but subsequently to the jury to prove the contents of the deed. The transcript from the records of Washington County Court, purporting to be a copy of the deed, is certainly not evidence of the contents of the deed, as there is no law requiring such an instrument to be recorded ; but, in my opinion, under the cir-

cumstances of this case, it was sufficient evidence of the fact, that such a deed once existed, at least to permit the party to go before the jury, to the satisfaction of which he would be required to prove as well the execution of the deed, as its contents.

It is objected also that the subscribing witnesses should have been called. It is doubtless true that the execution of an absent or lost deed, must be proved in the same manner as if the deed was present, unless probably in a case where the deed is withheld by the opposite party; but if this deed had been produced, being more than thirty years old, it would have proved itself, and certainly the rule cannot be more stringent in this case, where the party relying on the deed never had, and was not entitled to the possession of it.

If, however, the evidence which it appears was offered to the Court in the first instance, and upon which it acted, was insufficient, it would be impossible for this Court to close its eyes to the fact, that evidence was subsequently offered to the jury establishing, beyond doubt, the execution of the deed, and the propriety of the judgment of the Court, and which indeed is not binding upon the jury, as they must finally pass upon the execution of the deed if that is contested.

Upon the whole, I feel thoroughly convinced that the proof was ample, at least *prima facie*, that the deed once existed; and that if not lost, it was not in the power of the defendant to produce it. If I could bring myself to entertain a doubt upon it, sitting as I do, from the incompetency of my colleagues, alone, I would give the plaintiff the benefit of it by causing two of the Circuit Judges to be summoned.

The question as to the sufficiency of the evidence to prove the contents of the deed was properly left to the jury. Let the judgment be affirmed.

NOTE—In this case Judges COLLIER and GOLDTHWAITE were incompetent to set.