## Leach, Appellant, v. Philadelphia, Harrisburg & Pittsburgh Railroad Company.

*Eminent domain—Railroad companies—Easements—Dedication —Condemnation — Damages — Measure of damages — Particular items.*

1. The occupation of an alley by a railroad company under the right of eminent domain does not give the railroad the fee to the ground which it occupies, but only the easement, and substitutes the easement of the railroad for the easement of way. If the railroad should at any time abandon its line the land would revert to the abutting property owner, who is, therefore, not entitled to recover for the depreciation in the valuation of his property resulting from the condemnation of the fee, but only such depreciation as results from the substitution of the railroad easement for that of the easement of way.

2. Where a property owner has unlawfully encroached upon an alley upon which he and others have an easement of way, and thereafter a railroad company condemns the alley, the owner of the encroaching property cannot recover for the cost of removing his buildings, or for the closing of the part of a quarry which he had unlawfully opened on the way. Any owner of a lot on the general plan could have caused him to remove the obstructions at any time.

3. In such case there is no merit in the complaint that the jury were instructed not to allow damages for certain specific items mentioned where the court, after charging that the measure of damages was the difference between the fair market value of the plaintiff's property immediately before and its fair market value immediately after the taking, permitted the jury in arriving at the

difference in market value to take some of these particular items into consideration but not to allow specific damages on their account.

4. Although an alley has not been opened by municipal authority, the sale of lots thereon, according to the recorded plan on which the alley was plotted, operates as a dedication of it to public use, and the owner of any lot on the general plan is entitled to assert its public character and the right of the public to use it.

5. Where there is doubt under the evidence as to whether an alley has been opened so as to operate as a dedication, the question is one of fact for the jury.

Argued April 23, 1917. Appeal, No. 118, Jan. T., 1917, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1914, No. 156, on verdict for plaintiff, in case of S. B. Leach v. Philadelphia, Harrisburg & Pittsburgh Railroad Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,550 and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*E. M. Biddle, Jr.,* for appellant.

*J. W. Wetzel,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

From the record in this case, it appears that S. B. Leach, the plaintiff, purchased at different times three small pieces of ground, situated in Lower Allen Township, Cumberland County, south of the Borough of Lemoyne. In the deeds to Leach, the lots were described as extending to, and bounded on the north by an alley, fifteen feet wide, which was shown upon a recorded plan.

The tracks of the defendant company were located immediately north of the alley, which separated its right of way from plaintiff's land, along its northern line. For the purpose of constructing a siding, the railroad company appropriated the alley. The proceedings in the present case were instituted to assess the damages resulting from such appropriation. The trial resulted in a verdict for plaintiff. From the judgment entered thereon, both parties have appealed, this being the appeal of the plaintiff.

The first question raised, is as to the extent of plaintiff's interest in the alley. He contends that he has not only an easement in the entire alley, but also title in fee to one-half of the alley. The trial judge held otherwise, and confined the recovery to the value of the easement which was taken. He held, as matter of law, that, under the evidence, the alley had never been opened. In this, we think he erred. True it is that the alley was not opened by municipal authority, but the sale of the lots abutting thereon, according to the recorded plan, on which the alley was plotted, operated as a dedication of it to public use, and the owner of any lot on the general plan was entitled to assert its public character and the right of the public to use it: O'Donnell v. Pittsburgh, 234 Pa. 401, 410. There was evidence tending to show that the alley was staked off upon the ground as plotted, that there was a perceptible driveway thereon, that it was used for years by plaintiff and his customers. It also appeared that plaintiff encroached upon the alley with his quarry, factory and coal bins. But those obstructions did not entirely prevent travel, or use by the public. If there was doubt, under the evidence, as to whether or not the alley was opened, the question was one of fact for the jury: Rhoads v. Walter, 61 Pa. Superior Ct. 43.

But any error into which the court below fell, in holding that plaintiff did not have the fee as far as the center of the alley, was harmless, as it could not have affected

the amount of damages to which plaintiff was entitled. The railroad did not take the fee to the ground it occupied. The result of its action was merely to substitute its easement or right of way, for that of the public. If the railroad should at any time abandon its line, the land would revert to the abutting property owner. Plaintiff has, therefore, been deprived of nothing more than his easement or his right of way in the alley, and he was allowed to recover the amount of the depreciation to his property resulting from the loss of that easement.

In several of the assignments of error, complaint is made that the jury were instructed not to allow damages for certain specific items mentioned. An examination of the charge shows, however, that the jury were repeatedly instructed that the measure of damages was the difference between the fair market value of plaintiff's property immediately before the taking of the alley by defendant and its fair market value immediately after such taking. They were permitted, in arriving at the difference in market value, to take some of these particular items into consideration, but not to allow specific damages on their account. There was no error in these instructions. Claims for the cost of removing plaintiff's building from the alley, and for the closing of his quarry which was located within the line of the alley were very properly refused, as plaintiff had no right to encroach upon the alley. Any owner of a lot on the general plan could have required him to remove the obstructions at any time: O'Donnell v. Pittsburgh, 234 Pa. 401, 410; People's Nat. Bank of Pittsburgh v. Liquid Carbonic Co., 226 Pa. 503.

We find nothing else in the assignments of error that calls for discussion. They are all overruled, and this appeal is dismissed.