(85 South. 369)

**DICK v. DARDEN et al.    (3 Div. 440.)**

(Supreme Court of Alabama.    June 30, 1920.)

**1. Adverse possession ⬅112—Title by prescription presumed from 60 years' possession.**

From a showing of peaceable possession and use for 60 years by complainants in suit to quiet title, title in fee simple by prescription is presumed.

**2. Lost instruments ⬅23(2)—Testimony of contents corroborated by negotiations prior to grant.**

In corroboration of testimony of the contents of a lost deed, it is competent to show by another witness the negotiations between the parties thereto prior to, and in contemplation of, the making of the grant.

**3. Evidence ⬅372(2)—Contents of old lost deed shown by secondary evidence admissible without proof of execution.**

The rule that a deed being more than 30 years old is admissible without proof of its execution is applicable where a deed is lost and the contents shown by secondary evidence.

**4. Deeds ⬅142 — Reversionary interest to grantor effectual, though there is no attestation or acknowledgment.**

Reservation of reversionary interest to grantor if and when use of the land for certain purpose should be abandoned is effectual though absence of attestation or acknowledgment may make the deed defective as a grant of the fee.

**5. Adverse possession ⬅63(6), 106(1)—Possession under conditional deed perfects conditional title, but does not impair right of reverter reserved to grantor.**

Lapse of 20 years, with possession in the grantees under a deed defective in showing no attestation or acknowledgment, but containing a reservation of a reversionary interest to grantor if and when use of land for certain purposes should be abandoned, presumptively perfects a conditional legal title in the grantees, but does not impair the reserved right of reverter.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Lost instruments ☞23(3)—Reservation of reversionary interest held established by uncontradicted testimony.**

That lost deed to school trustees, containing a reservation of reverter to grantor if and when the land should cease to be used for school purposes, *held* established by testimony as to its contents, corroborated by showing of the negotiations for the grant, in the absence of any testimony to the contrary.

**7. Schools and school districts ☞65—Interest reserved vests as fee simple when land ceases to be used for purpose of grant.**

Reversionary interest, reserved to grantor in deed if and when the land should cease to be used for school purposes, vests as an estate in fee simple on such use ceasing.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Bill by J. F. Darden and others, as trustees of the Pine Level Public School, against Josephine V. Dick to quiet title to certain land claimed as school land. Judgment for complainants, and respondent appeals. Reversed and rendered.

Evidence tended to show that the land belonged to Lee Shaver, and that he executed a deed to the trustees of the public school at Pine Level, granting them title to the land so long as the same was used for school purposes, the deed containing a clause that upon the abandonment as used for school purposes the same should revert to him or to his estate. Desiring to move the school, the trustees brought this bill to quiet that title, claiming uninterrupted adverse possession for a period of about 60 years. Josephine V. Dick claims as the sole surviving heir of Lee Shaver the right of reverter.

Hill, Hill, Whiting & Thomas and R. T. Rives, all of Montgomery, for appellant.

Under the evidence in this case, appellant is entitled to a decree fixing her interest in the property. 138 Ala. 245, 36 South. 367; 170 Ala. 239, 54 South. 272. Counsel discuss other propositions, with citation of authority; but in view of the opinion it is not deemed necessary to here set them out.

Rushton, Williams & Crenshaw, of Montgomery, for appellees.

Counsel have no desire to take advantage of lack of testimony showing requisite search for lost deed. The finding of the chancellor has the effect of the verdict of the jury. 76 South. 932. Twenty years' possession under claim of right gives rise to a rebuttable presumption of a fee-simple title. 32 Ala. 75, 70 Am. Dec. 529; 170 Ala. 209, 54 South. 213, Ann. Cas. 1912C, 1093; 171 Ala. 544, 54 South. 685; 175 U. S. 509, 20 Sup. Ct. 159, 44 L. Ed. 255. It was not competent to show the legal effect of the deed. 81 Ala. 378, 2 South. 281.

The deed must be shown to have been executed as the law requires. 33 Ala. 658; 190 Ala. 654, 67 South. 301.

SOMERVILLE, J. Judgment affirmed, with opinion.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [1] Complainants having shown that they and their predecessors, as school trustees, had been in the peaceable possession and use of the property in suit for about 60 years, a title in fee simple by prescription is presumed, and the burden of propounding and establishing a superior title of some sort is cast upon the respondent. It appears that this property originally belonged to one Lee Shaver, the father of respondent, and her alleged title is based upon the claim that when he executed a deed to the then school trustees, about the year 1858, he therein expressly reserved to himself the reversionary interest in the land if and when its use for school purposes should be abandoned. That deed was not produced on the trial, and the issue depended upon respondent's satisfactory establishment of its contents as a lost instrument.

By agreement of counsel the record has been amended so as to show that due search was made for the alleged deed of Lee Shaver, and that it could not be found. Our original opinion, rejecting the deed for want of such a showing, and affirming the decree of the trial court, is therefore withdrawn, and the appeal is now considered upon the amended record.

The testimony of Mrs. M. J. Hayden, the widow of Lee Shaver, was, we think, sufficiently clear and certain to show the material substance of the lost deed. Laster v. Blackwell, 128 Ala. 143, 148, 30 South. 663; Mims' Ex'rs v. Sturtevant, 18 Ala. 359.

[2] In corroboration of her testimony it was competent to show by the witness J. A. McKenzie the negotiations between Lee Shaver and the school trustees prior to, and in contemplation of, the making of the grant.

[3-5] The alleged deed from Lee Shaver, being more than 30 years old, would have been admissible without proof of its execution, if the writing itself had been produced. Alexander v. Wheeler, 78 Ala. 167. And where the deed is lost and its contents are proved by secondary evidence, that rule is equally applicable. Beall v. Dearing, 7 Ala. 124, 128. It is true that the witness did not testify as to any attestation or acknowledgment appearing on the face of the deed, but that was a matter of no consequence, since the reservation in favor of the grantor was equally effectual no matter how defective the deed may have been as a grant of the le-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gal title. In such a case the lapse of 20 years, with possession in the grantees, presumptively perfected a conditional legal title in the grantees, but it did not impair the right of reverter reserved in the grantor.

[6, 7] In view of the positive testimony in support of the deed, and the absence of any testimony to the contrary, coupled with the inherent probabilities of the case, we are led to the conclusion that the respondent has shown that she is the owner of an interest in the land in suit—an interest which will vest in her as an estate in fee simple whenever the land shall cease to be used for school purposes, according to the terms of the grant. Lyford v. Laconia, 75 N. H. 220, 72 Atl. 1085, 22 L. R. A. (N. S.) 1062, 139 Am. St. Rep. 680; 10 R. C. L. 652, § 8.

The judgment of affirmance will be set aside, and the decree of the circuit court will be reversed, and a decree will be here rendered in favor of the respondent, establishing her conditional interest in the land, as above indicated.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

─────────

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes