Albus, to use, (et al., Aplnt.), *v.* Philadelphia.

Argued April 24, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*George J. Schorr,* with him *Herbert A. Speiser* and *Maurice J. Speiser,* for appellant.—It was error to permit the jury to pass upon the question of dedication where the municipality, claiming a dedication of the land taken, showed concurrent use of the same by the owners through the maintenance of a railing enclosing a portion of the land taken, and the manitenance of entrances, steps, and coal holes on the remainder: Leach v. R. R., 258 Pa. 518; Waters v. Phila., 208 Pa. 189; Mountville Boro. v. Gable, 73 Pa. Superior Ct. 189; Sechrist v. Dallastown Boro., 45 Pa. Superior Ct. 105; Griffin's App., 109 Pa. 150; Weiss v. Boro., 136 Pa. 294; Gowen v. Phila. Exchange, 5 W. & S. 141; Herzog v. Reading Market House Co., 69 Pa. Superior Ct. 292; Walnut Street, 24 Pa. Superior Ct. 114; McMillin v. Titus, 222 Pa. 500; Aye v. Phila. Co., 193 Pa. 451.

*James Francis Ryan,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1931:

In this proceeding damages are claimed by the use-plaintiff because of the alleged taking of five feet of its land at the southeast corner of Broad and Spruce Streets in Philadelphia. The case has been tried twice and on each occasion the verdict of the jury was for the defendant. This appeal is by the use-plaintiff as the result of the last verdict and of the refusal of the trial court to disturb it.

The property involved originally contained one hundred feet on Broad Street and ninety feet on Spruce. Many years ago, just how many does not clearly appear, certainly a long time prior to 1874, the pavement on the south side of Spruce Street was twelve feet wide from the building line to the cartway. Long before the year named, the owners of the property we are considering, apparently for reasons of their own, concluded to move the building line back five feet, thus increasing the width

of the sidewalk to seventeen feet. They erected the fronts of their five houses on this new line. On March 21, 1874, an ordinance was approved for the purpose of widening Spruce Street, authorizing a revision of the lines and grades "so as to make the lines thereof conform as nearly as practicable to the lines of those buildings which have receded from the present line of the street, and to make the line uniform for each block." It was also provided that no new building should be erected or old buildings be altered thereafter to extend beyond the line established. This revision was accordingly carried out and was confirmed by the board of surveyors on November 5, 1894. In 1924 the legal plaintiff proposed to demolish the old buildings and construct new ones, but on applying for a permit found himself prevented by the revised building line from utilizing the five-foot strip in question.

Whether the owners of the property before 1874 intended to dedicate to public use the five feet which they threw into the pavement and which became a part of it, was the principal bone of contention on the trial. All they did which might indicate otherwise was to put a door step in front of each house, one slab high, extending five feet six inches into the pavement, to maintain coal holes therein at the cellar windows, and to put an iron railing around the corner house, indefinitely described, enclosing a portion of the land taken, which however was not put upon the old building line, five feet from the new one, but was placed two feet nine and one half inches outside the property line on Broad Street and five feet eight inches beyond the new property line on Spruce Street. In other words the railing was not erected on the line shown in the deeds either upon Spruce or Broad Street, but in both cases was an encroachment on the public highway outside the original building line. It could not be determined as a matter of law that the erection of the railing beyond the limits of the five-foot strip was sufficient in itself to disavow a dedication of it.

The situation before us differs from that in some of the other street widening cases which we have had to consider, such as Phila. v. Linnard, 97 Pa. 242; Widening of Chestnut Street, 118 Pa. 593; Brower v. Phila., 142 Pa. 350. Here there was not the adoption of a set-back line by the municipality, with existing buildings on an old property line, which required a recession to another building line in the event of new construction, but, when the ordinance widening Spruce Street was passed in 1874, the houses then on the land in question, and which continued to stand upon it until about 1924, when they were torn down to make way for the structure now existing, had already been built on the new building line by the voluntary action of their then owners. This line was fixed as to the property in question as five feet back from the old building line and the line fixed in the deeds. What the city did was to recognize as the building line the one which some of the property owners on the street had themselves established, among these being the predecessors in title of plaintiff. It was not shown that they or any of their successors ever did anything that might be construed as an assertion of a right of possession of the five-foot strip unless the maintenance of the step, the coal holes or the railing around the corner property could be held to amount to the assertion of such a claim. The court submitted to the jury the question as to whether there had been a dedication.

It is conceded by appellant that where the facts as to an intention to dedicate are ambiguous in themselves or in the inferences to be drawn from them the element of intention as an ingredient of legal dedication is a jury question. We think this could not be disputed under the authority of Leach v. Phila., Harrisburg & Pittsburgh R. R. Co., 258 Pa. 518; Waters v. Phila., 208 Pa. 189, and others of our cases which might be cited. That is the situation here. It is contended, however, that there was a concurrent use of the strip of land by the owners of the properties through the maintenance of the rail-

ing, the entrance step and the coal holes. These, however, under the testimony submitted did not so conclusively establish a claim on the part of the property owners to possession of the strip as to enable the court to pronounce upon it in plaintiff's favor as a matter of law. Under the evidence the most that plaintiff could ask was that the question should be submitted to the jury. Twice this right has been accorded to it and in each instance the jury has decided adversely to its claim.

We think there was ample evidence produced to warrant the jury in concluding, as they did, that the five-foot strip had been dedicated as part of the street before the widening ordinance was passed and as to the property in question that the ordinance was but confirmatory of the exsting fact. The jury having found in defendant's favor on this point, the other questions raised, all of which go to the matter of damages, drop out of consideration. If there was a dedication, of course, there could be no claim for damage. We may add that even had there been no evidence of dedication there was ample in the testimony to warrant the jury's conclusion that the plaintiff had suffered no damage.

The judgment is affirmed.