18 So.2d 142

## ALABAMA POWER CO. v. DAILY.

### 6 Div. 60.

Court of Appeals of Alabama.

May 23, 1944.

McQueen & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter, of Birmingham, for appellant.

SIMPSON, Judge.

The suit claims damages for an alleged trespass upon the lands of plaintiff, the acts complained of having been done by defendant company during the course of constructing its electric transmission line across the land. Judgment was for the plaintiff and the defendant appeals.

Briefly, the undisputed facts were: The plaintiff's predecessor in title conveyed to defendant company a one hundred foot right of way across the tract of land involved for the construction, operation and maintenance of electric transmission lines, towers, poles, etc., from time to time, together with full rights of enjoyment or use, including rights of ingress and egress. This conveyance was under date of July 11,. 1924. Soon thereafter, in the same year, the defendant cleared the right of way and constructed its line thereon, which led to and furnished a coal mine in that vicinity. This line remained in status quo until 1932, when the defendant removed it completely from the property, the wires, poles and all equipment. This right of way from that date, for a little more than ten years and until 1942, remained in complete disuse by defendant and was used only by plaintiff to pasture his cattle. Then, in the fall of 1942, the defendant company, against the objection of the plaintiff who had meanwhile purchased the thirty-two acre tract of land once traversed by the line, entered upon the land and again cleared the original right of way which had in the interim produced considerable timber. A new transmission line was then erected and during the course of construction the alleged damages. and injuries were caused not only to the right of way but to the land adjacent thereto. It was for these damages that the suit was brought.

The theory of the plaintiff's claim was. that the right of way had been abandoned, title thereto having reverted to the servient estate. The defense was that, as a matter of law, no abandonment had occurred.

The primary and controlling question here presented by the argument is: Did the complete disuse by the company of the easement for the little more than ten-year period, together with the other recited evidence of removal of the line, etc., require submission of the issue to the jury of the abandonment, vel non, of the easement by the company; or, on the contrary, was. the company under the facts entitled to. the general affirmative charge that, as a. matter of law, it had not abandoned it?

The trial court ruled that the evidence on this phase of the case presented a jury question and refused defendant's Charge 20 that "under the evidence in this case there is no proof which would sustain a. finding by you (jury) that defendant had abandoned its easement or right of way." This ruling of the court is the main contention for error.

■ It is our view that the trial judge had a full grasp of the applicable law, as exemplified by the general oral charge and rulings pending trial, and that said Charge 20 was correctly refused.

It is settled law, as argued by counsel for appellant, that mere non-use of an easement or right of way, however long continued, will not of itself effect an abandonment or forfeiture of the right. Western Union Telegraph Co. v. Louisville & N. R. Co., 202 Ala. 542, 81 So. 44.

■ Nevertheless, the owner of an easement may terminate it by abandonment, and the essence of the inquiry is the owner's intention, and "lapse of time and non-user are evidentiary of an intention to abandon, and, when considered with other evidence of such intention, may be entitled to great weight according to the circumstances." Western Union Telegraph Co. v. Louisville & N. R. Co., 206 Ala. 368, 370, 89 So. 518. Tennessee & C. R. Co. v. Taylor, 102 Ala. 224, 228, 14 So. 379; 28 C.J.S., Easements, pp. 722, 741, §§ 58, 69, subsec. d.

On the principle last quoted and authorities cited, it is quite clear to us the inquiry of the intention of the company, under the recited facts, and the abandonment, vel non, of the right of way were issues for the jury and not exclusive matters for judicial determination.

A case bearing marked similarity to the instant one, where non-use alone was for a much longer period and the other circumstances less efficacious to evince an intention to abandon, is Tennessee & C. R. Co. v. Taylor, cited above, wherein it was held that the issue of abandonment was a jury question. The quotation there approved and the conclusion announced are here apposite: " ' "Abandonment" includes both the intention to abandon, and the external act by which the intention was carried into effect,' and, 'as intent is the essence of abandonment, the facts of each particular case are for the jury.' 1 Amer. & Eng.Enc.Law, p. 1, notes and authorities; Wyman v. Hurlburt, 12 Ohio 81, 40 Am.Dec. 461, note, 464. On the view we take of this case, the only issue in it was upon this question of abandonment vel non, and the result of this issue depended upon the jury's finding as to the defendant's intent." 102 Ala. at page 228, 14 So. at page 380.

■ It seems to be the universal rule that the question of abandonment ordinarily is an issue of fact for jury decision. Some other authorities are: Louis Pizitz Dry Goods Co. v. Penney, 241 Ala. 602, 605, 4 So.2d 167; 19 C.J., p. 941, 942, § 149; 28 C.J.S., Easements, § 59; Antomarchi's Executor v. Russell, 63 Ala. 356, 35 Am.Rep. 40; Butterfield v. Reed, 160 Mass. 361, 35 N.E. 1128, 1129; Russell v. Davis, 38 Conn. 562, 564; McArthur v. Morgan, 49 Conn. 347, 350; Polson v. Ingram, 22 S.C. 541, 547; Southern R. Co. v. Howell, 89 S.C. 391, 71 S.E. 972, 973, Ann.Cas.1913A, 1070; Leach v. Philadelphia H. & P. R. Co., 258 Pa. 518, 102 A. 174, 175; King v. Murphy, 140 Mass. 254, 4 N.E. 566, 567; Willets v. Langhaar, 212 Mass. 573, 99 N.E. 466; Vogler v. Geiss, 51 Md. 407, 410.

It is our view, and we perforce must hold, that the cesser of use of the right of way for the stated period, coupled with other acts which might be indicative of an intention to abandon the right, as the complete removal of the line, poles and all equipment, placed the issue in dispute as to whether there was an abandonment in pais and necessitated a decision thereof by the jury.

■ The only other assignment of error prompting discussion is that which challenges the action of the trial court in refusing the defendant's motion to transfer the cause to the equity docket, Sec. 153, Title 13, Code 1940. But review of the asserted error is not raised by mandamus and cannot, therefore, be considered on this appeal.

The uniform holding has been that the refusal of the trial court to transfer a cause from the law docket to the equity side of the docket is not reviewable by appeal, even after final decree. Dudley v. Whatley, 30 Ala.App. 579, 580, 10 So.2d 43. And such ruling may not be assigned for error on "any sort of an appeal." Esslinger v. Spragins, 236 Ala. 508, 512, 183 So. 401, 403.

Other cases are: Holder v. Taylor, 233 Ala. 477, 172 So. 761; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48; Maryland Cas. Co. v. Dupree, 223 Ala. 420, 423, 136 So. 811; Derzis v. Cox, 223 Ala. 517, 137 So. 306; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Smith v. Grayson, 214 Ala. 197, 107 So. 448; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Ex parte Brown & Co., 240 Ala. 157, 160, 198 So. 138.

Though demurrer is the appropriate method to test the legal sufficiency of the motion to transfer, Code 1940, Title 13, Sec. 153, the action of the trial court, here, in striking the motion was but a denial to transfer, and the ruling was, under the stated rule, not reviewable in the present proceedings.

We have given studious consideration to the argument of able counsel but find no error.

Affirmed.