58 So.2d 134

**MORGAN et al. v. CHEROKEE COUNTY BOARD OF EDUCATION.**

**7 Div. 71.**

Supreme Court of Alabama.

April 10, 1952.

Roy D. McCord, Gadsden, for appellants.

202

Keener & Keener, Centre, for appellee.

LAWSON, Justice.

This is a statutory action in the nature of ejectment filed in the Cherokee Law and Equity Court of Cherokee County by the Cherokee County Board of Education against Hattie West, her husband, John West, and Barney Morgan. There was a verdict for the plaintiff and judgment was in accord with the verdict. From such judgment the defendants have appealed to this court.

The suit property is a school building, the land on which it is situated and which has been used in connection therewith as a part of the Round Mountain School in Cherokee County. Approximately three acres of land are involved. The building and most of the land is situated in the extreme SE corner of the SW¼ of the SW¼ of Section 27, Township 9, Range 9 East in Cherokee County. A small part of the school grounds is located in the NE corner of the NW¼ of the NW¼ of Section 34 in the same township and range.

It was admitted by the defendant on the trial below that for a period of forty years prior to the summer of 1947 the suit property had been used as a part of the public school system of Cherokee County, and there was evidence to the effect that it had been so used for a considerably longer period of time. In the summer of 1947 the Round Mountain School was discontinued and since that time the suit property has not been used for school purposes. The seats and other equipment have been removed from the building.

In the late summer or early fall of 1947 the defendant Barney Morgan began to occupy the school building, with the permission of the defendants Hattie West and John West, who at that time claimed ownership of the suit property. The defendants Hattie West and John West have also used the school building for the purpose of storing cottonseed and fertilizer.

This suit was filed in August, 1948, with Barney Morgan as the only defendant. Hattie and John West were brought in later as parties defendant by amendment.

On February 19, 1932, Hattie West secured a deed to the SW¼ of the SW¼ of Section 27 where, as we have shown above, most of the suit property is situated. The suit property was not excepted from the deed. This deed also conveyed land in the NW¼ of the NW¼ of Section 34, but did not purport to convey that part of the suit

property situated in said Section 34. On August 21, 1935, John West and Hattie West obtained a deed to certain described land in the NE corner of the NW¼ of the NW¼ of Section 34, but that part of the school property situated in that "forty" was expressly excepted. We note that in certain conveyances executed a number of years prior to the time Hattie West secured her deed purporting to convey to her all of the SW¼ of the SW¼ of Section 27, the suit property situated therein was excepted from the conveyances. But we are not concerned primarily in this suit with the weakness of the title of the defendants.

 In a suit of this kind plaintiff can recover only on the strength of his own title and not on the weakness of the defendant's title. Millican v. Mintz, 251 Ala. 358, 37 So.2d 425; Darby v. Jones, 249 Ala. 104, 29 So.2d 879.

 Before treating of the plaintiff's evidence going to show title to the suit property, we pause to observe that a county board of education is a quasi corporation, an independent agency of the state, which can sue or be sued as to matters within the scope of its corporate power. § 99, Title 52, Code 1940; Turk v. Board of Education of Monroe County, 222 Ala. 177, 131 So. 436. Clearly a suit to recover school property to which it has title is within the corporate power of the county board of education.

 Plaintiff introduced in evidence a deed from the State of Alabama executed on June 17, 1948, purporting to convey the suit property to plaintiff. The State had secured a deed to the suit property executed on October 20, 1932, by W. F. Timmerman, J. C. Edge, and A. M. Brown, as trustees of the Round Mountain Public School, District No. 20. This deed of October 20, 1932, was executed for the purpose of obtaining state aid in the repairing of the school building. Hence, under the provisions of § 373, Title 52, Code 1940, the State was authorized to sell the property.

The trustees of the school district had no deed to the suit property at the time they executed the deed to the State of Alabama.

No conveyance can be found wherein any private owner of the land conveyed it to any school authority. But we held in Dick v. Darden, 204 Ala. 400, 401, 85 So. 369:

"Complainants having shown that they and their predecessors, as school trustees, had been in the peaceable possession and use of the property in suit for about 60 years, a title in fee simple by prescription is presumed, and the burden of propounding and establishing a superior title of some sort is cast upon the respondent. * * *"

The evidence in this case is almost without dispute that for at least twenty-five years prior to the time the trustees executed their deed to the State, they and their predecessors in office had been in the actual, open, notorious, adverse possession of the suit property. Hence the jury would have been fully justified in finding that in 1932 the trustees had obtained title to the suit property by prescription.

But appellants seem to take the position that even if it be conceded that the trustees had acquired title to the suit property by prescription, they had no title at the time they executed the deed to the State because of the provisions of § 95 of the Alabama School Code of 1927, which provisions are now codified as § 71, Title 52, Code 1940, which section we quote:

"All the property, estate, effects, money, funds, claims, and donations now or hereafter vested by law in the public school authorities of any county for the benefit of the public schools of any county are hereby transferred and vested in the county board of education, and their successors in office. Real and personal estate granted, conveyed, devised or bequeathed for the use of any particular county, school district, or public school, shall be held in trust by the county board of education for the benefit of any such county school district or school."

We have not been called upon to pass on the question of the effect of such provisions and we see no necessity to do so in this case. But see Reports of the Attorney General of January-March, 1941, p. 149, and April-June, 1945, p. 20.

If the provisions of law now codified as § 71, Title 52, Code 1940, operated to divest out of the school trustees such title as they may have had to the suit property, then their deed to the State of Alabama would not operate to divest the county board of education of such title as it may have obtained by virtue of such provisions. On the other hand, if the trustees had obtained title to the suit property by prescription, and § 71, Title 52, Code 1940, did not operate to divest them of such title, then their deed to the State and the State's deed to the plaintiff would put into the plaintiff such title as the trustees of the school district had at the time they executed their deed to the State.

■ Prior to the time this suit was instituted and before the State executed its deed, the members of the Cherokee County Board of Education adopted a resolution which appellants seem to argue deprived the county board of education of any title which it might have had previously. We cannot agree with this contention. The resolution does indicate a desire on the part of the board of education to permit the suit property to be used for purposes other than school uses. In fact the resolution would indicate a desire on the part of the county board of education to donate the building and land to the Masonic order and a church. We have serious doubt as to whether the county board of education has the power to so dispose of school property. But a decision on that question is not necessary, for it is clear the resolution did not operate as a conveyance.

We are clear to the conclusion that the trial court did not err in refusing to give the general affirmative charge requested in writing by the appellants.

The complaint not only sought to recover possession of the property, but claimed damages for its detention.

■ It appears from the record that the jury first brought in a verdict in favor of the plaintiff in so far as it sought recovery of the suit property, but it seems to have contained language expressly providing that the defendants were not liable for any damages and rent for the use of the suit property. Thereupon the court stated: "Gentlemen, I am going to send you back and let you correct the form of this and here is a form which would be correct, and you can write another or sign that one or as you please, but just to get you right on it 'We, the jury, find the issue in favor of the plaintiff for the land sued for and as described in the complaint'. That is the form it should be."

The defendants excepted to this action of the trial court and now contend that this action constituted a direction on the part of the trial court that the jury find for the plaintiff and that, therefore, reversible error is made to appear.

We cannot agree. Johnson v. Louisville & N. R. Co., 240 Ala. 219, 198 So. 350; Wilson v. Federal Land Bank, 230 Ala. 75, 159 So. 493; Scott v. Parker, 216 Ala. 321, 113 So. 495; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276.

■ The action of the trial court in refusing appellants' motion to transfer the cause to the equity docket under § 153, Title 13, Code 1940, is not reviewable by appeal even after final decree. Mandamus is the proper remedy. Ex parte Brown & Co., 240 Ala. 157, 198 So. 138; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Alabama Power Co. v. Daily, 31 Ala.App. 441, 18 So.2d 142.

■ We note the argument of counsel for appellee that the appeal should not be entertained because of noncompliance by appellants with Rules of Practice in Supreme and Appellate Courts, rule 10, Code 1940, Title 7, Appendix, requiring that the brief and argument concisely point out the errors relied on, with citation of authority in support thereof. While the brief of appellants cannot be said to be in all respects in the form prescribed by the rule and has proven to be of little assistance to us, we think it is sufficient to warrant our review of the matters heretofore discussed. However, as to the other assignments of error, the brief for appellants merely copies the assignments of error without argument or citation of authority. This is not sufficient to warrant review. Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So. 2d 781.

We have treated all assignments of error sufficiently argued in brief and no reversible error appearing therein, the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.